Jones v. The Chicago and Northwestern R. R. Co.

JONES v. THE CHICAGO AND NORTHWESTERN R. R. Co.

1. **Venue: CHANGE OF.** The discretion confided to the court in passing on motions for change of venue in criminal cases does not apply in civil cases, and when the applicant for the change brings himself within the provisions of the statute, it is generally erroneous to refuse it.

2. —— An application of a railroad company for a change of venue based on the affidavit of an agent whose duty it is to investigate the facts connected with all claims against the company, and who is conversant therewith, is sufficient.

3. —— COUNTER AFFIDAVITS. An application for a change of venue in a civil case cannot be met by counter affidavits.

4. —— FORM OF OATH. An affidavit of the supporting witnesses required by the statute to the effect that they "verily believe" that the grounds stated exist, is equivalent to a positive assurance, and sufficient.

5. **Appeal: INTERMEDIATE ORDERS.** An appeal to the supreme court from the final judgment in a case, brings up for review the intermediate rulings of the court which have been duly excepted to and not otherwise waived.

6. —— While under our statute appeals are allowed from certain intermediate orders made in the progress of the case, a failure to do so does not operate as a waiver of errors in respect thereto, but the same are saved by appeal from the final judgment.

7. —— The time limited by the statute within which appeals may be taken, is computed in such case from the date of final judgment instead of from that of the ruling.

*Appeal from Marshall District Court.*

FRIDAY, JANUARY 25.

THIS action is brought by the plaintiff to recover of defendant for the killing of a cow and a colt by the cars of the defendant at a point on its railroad where it had the right to fence the same, and that such killing was the result of the negligence of the employees of the defendant.

The cause was tried to a jury who returned a verdict for plaintiff. From the judgment thereon defendant appeals. The further facts are stated in the opinion.

*Henderson & Merriman* for the appellant.

*Boardman, Brown & Williams* for the appellee.

MILLER, J.— This action was commenced on the 23d day of June, 1871. At the September term, 1871, of the court, the

1. VENUE: change of.

defendant filed an answer admitting that it was a corporation, but denied each of the other allegations of the petition. Also, at the same term of the court the defendant made an application for a change of venue based upon the following affidavits: ·

" M. H. Estabrook, duly sworn, states : ' I am claim agent of the defendant for the Iowa division of its road ; it is my business, as such agent, to investigate the facts and circumstances connected with all claims against defendant on said division, look up evidence on trial, etc., and there is no other officer or agent of defendant so well acquainted with the facts in said cause as I am ; that the Hon. D. D. CHASE, judge, etc., is so prejudiced against said defendant that it cannot obtain a fair trial of said cause before said judge," etc.

" Oscar Allen, A. L. Palmer and E. G. Sleight, being duly sworn, state that they are not related to defendant nearer than the fourth degree, nor otherwise in any way or manner inter-

ested in the result or issue of the trial of said cause, and verily believe that Hon. D. D. CHASE, judge, etc., is so prejudiced against defendant that it cannot obtain a fair trial of said cause before said judge."

The motion for change of venue was overruled and defendant duly excepted. Afterward, the cause, not being reached for trial at that term of the court, was continued.

The cause was tried at the next term in June, 1872, which resulted in a verdict and judgment for plaintiff from which defendant appeals, and assigns among other errors, the overruling of his motion for a change of venue.

I. Section 2803 of the Revision of 1860, as amended by by section 13, chapter 167, Laws of 1870, provides as follows:

" A change of venue in any civil action *may be had in any* of the following cases:

1st.    *    *    *

2d.    *    *    *

3d. When either party files an affidavit verified by himself and three disinterested persons not related to the party, making the motion nearer than the fourth degree, stating that the inhabitants of the county, or the judge, is so prejudiced against him, or that the adverse party or his attorney has such an undue influence over the inhabitants of the county, that he cannot obtain a fair trial," etc.

When a party applying for a change of venue under this statute brings himself within its provisions it is generally erroneous to refuse the change. *Welch* v. *Savery*, 4 Iowa, 241; *Eckles* v. *Kinney*, id. 539; *Berner* v. *Frazier*, 8 id. 77; *Miller* v. *Laraway*, 31 id. 538. The discretion confided to the court by sections 4727, 4733 of the Revision in criminal cases, does not exist in applications for change of venue in civil cases. *Miller* v. *Laraway*, *supra*. Such discretion is given in criminal cases, but it is not given in civil cases. The statute says that a *change of venue may be had in any civil case* when the party applying therefor files the affidavit prescribed therein. He is entitled to the change by complying with the requirements of the statute unless there be something

apparent of record which, under some other provision of the statute, would authorize the court to refuse it.

II. It is objected by appellee, however, that the motion for change of venue is defective, first, because not made by an *officer* of the corporation instead of by one who shows himself to be a claim agent.

The defendant, being an artificial person in law, could only make the affidavit by one of its officers or agents, and it is the policy of the statute that the affidavit should be made by an officer or agent sufficiently acquainted with the facts to make it conscientiously. In this case the affidavit shows that the agent making it was the only person, officer or agent, conversant with the facts; that it was his business to attend to and investigate all claims made against the company in this State, look up evidence on the trial, etc. He then, of all others, was most competent to make the affidavit, since he alone was sufficiently well acquainted with the facts to do it.

III. Again, it is objected that Palmer, one of the deponents, is shown to be in the employment of the defendant as a station agent, and therefore not competent. The affidavit shows, in compliance with the statute, that the witness has no interest whatever in the case, and whether, if the record showed that at the time of the filing of the motion and the affidavits in support thereof, that Palmer was such station agent would render him incompetent to make the affidavit, we need not decide, since nothing then upon the record showed that fact. It was subsequently shown by the counter affidavit of Brown, a paper not authorized by law to be filed or considered in the case, for we have seen that the defendant was entitled to the change of venue *when he filed the affidavits* prescribed by the statute. Not when he satisfied the court that the facts stated therein were true. *The filing of the proper affidavit* gave the right to the change, and the counter affidavit should have been disregarded as not admissible. See *The State* v. *Bowers*, 17 Iowa, 46, where it is doubted whether counter affidavits are admissible even in a criminal case.

3. —— counter affidavits.

IV. It is also objected that the witnesses Palmer, Allen and Sleight do not swear positively to the prejudice on the part of the judge, but that they "*verily believe*" such prejudice exists, and that defendant cannot obtain a fair trial before him.

4. — form of oath.

It would be difficult to conceive of what higher assurance the witnesses could have of a fact of this character than is expressed in this affidavit, for however positively they might swear to the fact that the judge was so prejudiced against the defendant that it could not obtain a fair trial before him, it would still be but the belief of the witnesses in the truth of the fact stated. Such fact is incapable of any higher assurance than a belief in its truth. In the case of *Eckels* v. *Kinney*, *supra*, an affidavit like the one in this case was held sufficient under section 1706 of the Code of 1851, which was couched in the same language as our present statute on this subject.

V. Finally, it is insisted that since more than six months elapsed from the overruling of the motion for change of venue before the appeal was taken, such ruling cannot be assigned as error. The appeal was taken within six months from the date of the final judgment, and properly brings up for review all questions properly saved by exception and not waived by pleading or otherwise. While it is, perhaps, true that appellant could have appealed from the order refusing a change of venue before the trial of the cause and final judgment therein, yet he was not bound to do so, inasmuch as it was not certain that any prejudice would result to the defendant until judgment was rendered against it. Suppose a motion for change of venue is overruled at the beginning of a term of court to which the moving party excepts, and the cause is tried at the same term, near its close, two or three weeks after the ruling of the motion, and judgment rendered against the same party, we think it would not be claimed that a general appeal from the final judgment taken within six months from its rendition, though more than that length of time after the ruling on the motion, did not bring up the ruling on such motion for re-

5. APPEAL: intermediate orders.

view. So, also, a ruling on excluding depositions, or for a continuance, to which a party at the time excepted, would be saved by an appeal from the final judgment.

Under the practice in many of the States, perhaps in most of them, appeals are not allowed from intermediate orders made in a cause, but the appeal lies only to the final judgment. By our statutes an appeal is allowed from certain intermediate orders made in the progress of the cause, but there is no provision of our statute under which a failure to do so operates as a waiver of the error if an exception is taken to the ruling and an appeal be taken from the final judgment. See Revision, §§ 2631, 2632, 2633, 2634; *Richards* v. *Burden*, 31 Iowa, 305, and cases cited; *Monticello Bank* v. *Smith*, 25 id. 246; see, also, chap. 49, Laws of 1866.

Except in respect to such intermediate orders and decisions from which the statute gives an appeal, none other of the rulings of the court can be reviewed, though excepted to, but on appeal from the final judgment, and this applies as well to the rulings by a referee as by the court, and the time within which the appeal must be taken dates necessarily from the final judgment.

The court having erred in refusing the change of venue, the other errors assigned need not be considered. The judgment will be reversed and the cause remanded, with directions to the district court to make an order changing the venue.

Reversed.