McCracken v. Webb.

36  551
105  733,
36  551
117  629
36  551
126  581

1. **Venue:** CHANGE OF.  A change of venue should not be granted after the cause has been continued, on an application which fails to state that the cause for the change was not known to the applicant before the continuance.

2. **Damages:** MEASURE OF.  In an action for breach of contract in failing to receive a lot of hogs, the measure of plaintiff's damages is the difference between the market and contract price, together with expenses of keeping from defendant's refusal up to the date plaintiff sold them, less deductions for sums paid by defendant on the contract.

3. —— To entitle defendant to such deduction it is not necessary that he should plead it as a set-off or counter-claim.

4. **Instruction:** TENDING TO MISLEAD.  The giving of an instruction which, though correct in one point of view, would, when viewed in another and natural one, have a tendency to mislead the jury, is erroneous.

*Appeal from Taylor District Court.*

WEDNESDAY, JUNE 11.

THE petition of plaintiff states that on the 14th day of February, 1871, he entered into an oral contract with the defendant to deliver to him at Bedford, in Taylor county, Iowa, a lot of live fat hogs, of not less than twenty nor more than forty-five head, to be marketable hogs, weighing not less than one hundred and ninety pounds gross weight each, and to be delivered at any time from the 20th day of May to the 10th day of June, at the option of the defendant, and to be paid for on delivery at six cents per pound gross weight.  On this contract plaintiff states he received from the defendant, in goods and merchandise, a sum not less than $50, and the further sum of $135, in a pair of horses.  It is further alleged that the place of delivery was afterward, by agreement of parties, changed to "John West's scales, in Holt township, Taylor county, Iowa," and that, by direction of the defendant, the plaintiff delivered forty head of hogs, complying with the contract, at that place on the 10th day of June, 1871, where he had the same weighed

and kept for the defendant until the 8th day of July, following, but that defendant neglected and refused to receive them; that on the 1st day of July, 1871, plaintiff notified defendant, in writing, that unless he would receive the hogs on or before the 7th day of July, plaintiff would then sell them at the market price and look to defendant for his damages, etc. The hogs were resold by defendant at two and one-half cents per pound, on the 8th of July, and this action is brought to recover damages.

The defendant answered: 1. Denying generally the allegations of the petition. 2. Averring that he made and entered into the contract with the "plaintiff for himself, and as agent of A. McCracken, for a lot of fat hogs, which the plaintiff and said A. McCracken had on hand and were feeding, to consist in number not less than twenty nor more than forty head, to be marketable hogs, not weighing less than one hundred and ninety pounds gross weight each," at the price of six cents per pound gross weight. It is further averred in the answer that by agreement of plaintiff and defendant the place of delivery was changed from Bedford to A. McCracken's farm, in Taylor township, and to be delivered to the defendant on the 16th day of June, 1871; that plaintiff was to weigh the hogs upon the scales of John West, and keep them on the farm of A. McCracken until the 16th day of June, at which time they were to be delivered to defendant, who was to pay for feeding them from the 10th to the 16th of June. It is also alleged in the answer that defendant was ready at said time and place and offered to receive the hogs so purchased, and to comply with his contract; that plaintiff had exchanged some of his small hogs for heavier ones, obtained from other persons, which were of less value per pound than the small ones; that he refused to receive these heavier hogs, but offered to receive the rest of the lot, but that plaintiff refused to deliver a part only, but insisted upon defendant receiving the whole lot of forty head, which defendant refused to do.

The cause was tried to a jury. Verdict and judgment for defendant. Plaintiff appeals.

*Shoup, Smith & Evans* with *Whiffin & Finn* for the appellant.

*McCoun & Flick* for the appellee.

MILLER, J.—This action was originally brought in the circuit court of Taylor county, and on the application of the defend-

1. VENUE: change of.

ant the venue was changed to the district court, the objection being to the judge of the circuit court. The order changing the venue is assigned as error.

The record shows that the cause was tried in the circuit court to a jury in August, 1871. The jury failing to agree the cause was continued to the November term, when it was again continued and the application for a change of venue was made at the January term, 1872. The affidavit for the change complies with section 2803 of the Revision as amended by chapter 167 of the Laws of 1870, but was defective in not stating that the ground for the change of venue was unknown to the defendant before the continuance of the cause, as required by section 2804. See *Finch* v. *Billings*, 22 Iowa, 228. That section provides that the application for a change of venue *shall not be allowed after a continuance except for a cause not known to the applicant before such continuance.* It was, therefore, error to allow the change in this case. It is urged however that the appellant should have stood upon this ruling and appealed therefrom. The appellant excepted to the ruling at the time, and his appeal from the final judgment brings up the question of the correctness of this ruling. *Jones* v. *The Chicago & N. W. Ry. Co.*, *ante*, 68.

II. On the trial plaintiff was offered as a witness to prove that he bought the hogs of his brother Abram, and did not put them in as Abram's agent. This evidence was rejected on defendant's objection, and this ruling is assigned as error.

There was error in the rejection of this evidence. The plaintiff sued in his own name; one branch of the defense was that he was not the real party in interest. Evidence tending to show that he was sole owner of the hogs was clearly admissi-

McCracken v. Webb.

ble on this issue. It is urged, however, that this was error without prejudice since Abram McCracken was permitted to testify to the same fact. This view is not tenable. The plaintiff was entitled to prove the same fact by more than one witness if he could do so.

III. Appellant complains of the instructions of the court on the measure of damages which were, in substance, that the

2. DAMAGES: measure of. difference between the market price at the time the hogs were re-sold by plaintiff and the contract price, together with costs and expenses of keeping from and after defendant refused to receive the hogs up to date of sale, was the measure of damages, from which should be deducted the amount paid on the contract as admitted in the plaintiff's petition. The specific objection to the rule thus laid down is that since the defendant had pleaded no set off or counter-claim he should not be allowed what he had paid on the hogs. This is neither good law nor good morals. Suppose the plaintiff had received the entire contract-price for the hogs, would he have sustained any damage by the defendant's refusal to receive them? Certainly not. Having received part of the price his damages are reduced to that extent. The measure of his damages is such sum which, when added to what he has received, will equal the amount he was entitled to receive under his contract. The rule laid down by the court was substantially this and is correct.

IV. The court further instructed the jury as follows: "If you find from the evidence that the contract was made, if any was made, not with this plaintiff alone, but with

4. INSTRUC-TIONS: tendency to mislead. this plaintiff for himself and also as agent of Abram McCracken, then your verdict should be for the defendant. In other words, if Abram McCracken, in company with James McCracken, made the contract with Webb, James McCracken alone cannot recover."

This instruction is assigned as erroneous. If the court, by this instruction, intended to charge the jury that, if the contract was made by the plaintiff and his brother jointly for the sale and delivery of the hogs as their joint property, the plaintiff

alone could not recover, there would be no error therein. But it is susceptible of a different construction. It may well be understood to deny the plaintiff the right to recover for defendant's refusal to receive hogs owned by plaintiff alone, if the jury should find that a part of the hogs contracted for and delivered were the individual property of his brother Abram. Suppose that twenty of the hogs were the individual property of plaintiff and the balance of the lot belonged alone to Abram, most clearly the plaintiff could recover for defendant's refusal to receive his twenty head, by showing the other necessary facts to entitle him to recover. His title to the cause of action would be complete to the extent of the hogs which he owned individually, and his right of recovery would not be defeated by the single fact that he did not own all the hogs offered to defendant.

The instruction being thus calculated to mislead the jury, was erroneous.

We find no other errors in the record. For those pointed out the judgment will be reversed, and remanded to the circuit court where the first error occurred

Reversed.