FEIN *v.* DAVIS.

JUDGMENT: MECHANICS' LIEN.—The action was for a balance due upon account for work and labor done and materials furnished, and for the enforcement of a mechanics' lien against certain buildings. The petition failed to show that the defendant was the owner of the land upon which such buildings were situated. The jury returned a verdict for the plaintiff for $171.68 damages and costs, and thereupon the court rendered judgment for the amount of the verdict and costs, and in continuation adjudged that, in case of non-payment of the damages and costs within thirty days, the premises, described in the petition, should be sold to satisfy the judgment: *Held,* that the judgment as to the damages and costs being a general and personal judgment is affirmed to that extent, but as the petition failed to allege that the defendant was the owner of the land upon which the buildings were situated, the judgment so far as it is a lien judgment is reversed.

ERROR to the District Court of Albany County.

The action was commenced by Davis in the district court of Albany county, at its May term, 1876, against Fein on account for work and labor done and materials furnished, for the sum of $165.50 with interest thereon from September 7th, 1875, at the rate of 12 per cent. per annum; and for the enforcement of a mechanics' lien against certain buildings described in the petition as follows: " A certain dwelling house of said defendant described as being a story and a half log dwelling house, situate on the southeast quarter of the southeast quarter of section No. 4, township No. 15, range No. 73 west, and claimed by the said defendant, J. J. Fein, in the county of Albany and Territory of Wyoming."

The defendant filed a motion to quash the summons on the ground that it was improperly served, which motion was overruled by the court.

The defendant then answered: *First*, a general denial. *Second*, payment. Case came on for trial in the court below on the 16th day of May, 1876. The jury returned a verdict for the plaintiff for $171.68.

*Brown & Brockway*, for plaintiff in error.

*C. W. Bramel and I. P. Caldwell*, for defendant in error.

PECK, J. We sustain without comment the order of the district court, denying the motion to quash the summons. The action was brought by Davis in assumpsit for work and labor done, and materials furnished by him in building a house for Fein: to which the latter plead the general denial and payment. Upon the trial Davis introduced evidence tending to make out a case, and rested: Fein was called as a witness for the defense, and asked whether the house was or was not built for a sum certain on a certain verbal contract made between himself and Davis before the work upon it was commenced. The question was objected to as irrelevant and incompetent, was excluded, and an exception

taken. The question was leading, because it embodied a material fact, and alternative enquiries, each of which admitted of an answer by a simple affirmative or negative; it was relevant, but incompetent. Moreover, the witness had already stated precisely what the question called for, except that his statement did not in terms show whether the contract was verbal; with that exception it was a complete answer, and the question was purely repetition; this rendered the question incompetent, because it purposed to burden the case with useless matter: it could have availed the defendant, only as seeking to prove directly, what that statement fully implied, namely, that the contract was verbal; but, to accomplish that, the enquiry should simply have asked for the form of the contract, or (with the consent of the court or adversary) as a leading one—whether it was verbal or written. But the additional evidence would only have been cumulative; and, as long as the implication was undisturbed by adversary evidence, it was discretionary with the court to allow or disallow such testimony in advance, whether objected to or not. There was therefore good ground for rejecting the question, and it is immaterial upon what mental operation it was done.

The defendant below requested the court to instruct the jury imperatively to find specially upon certain points, the court declined so to charge, but stated the proposed findings to them, instructing them that they might return a verdict, finding or not finding upon the points according to their discretion; and to this instructing, so leaving it to the discretion of the jury, he excepted.

The instruction excepted to complied with the statute, and is sustained.

The jury returned a verdict for the plaintiff below; the defendant moved for a new trial on the grounds that it was rendered without sufficient evidence, under prejudice, and against law. The motion was overruled, and an exception taken. To be unsustained by evidence, the verdict must have been against the weight off evidence in the sense of

the rule, which we stated and explained in the case of the *Hilliard Flume and Lumber Co.* v. *Woods,* 1 Wyo., 396; there was much conflict in the evidence, and we cannot say that the verdict violates that rule. The petition declares only for labor and materials; under it a bill of particulars was filed, amounting to $215.50, of which $214.50 were for labor and materials, and $1.00 for cash paid for expressage; $50 are credited upon the bill, leaving a balance of $165.50. A bill of particulars can limit, not enlarge the claim, alleged in the pleading, under which it is filed; had the verdict been for the full amount of this balance, it would have been unsustained, and so excessive as to the $1.00; but as it was less than the balance by more than that sum, the jury were instructed in effect that the plaintiff could recover only for labor and materials, and the legal inference is, that, obeying the charge, they found only for labor and materials. There is nothing to indicate that the verdict was returned under prejudice. The suit was, also, for the enforcement of a mechanic's lien against the house for the labor and materials in question. While testifying in chief, in the course of his opening, Davis read to the jury, in evidence, what is called in the case a notice of lien, consisting of a description of the property, on which the lien was claimed, and the above-mentioned statement of amount, both which had been filed with the petition, and made parts of it by reference. The defendant objected to the reading of them, on the ground of irrelevancy and incompetency, and that they did not tend to prove any issue that was before the jury; and excepted to the decision allowing them to be read. The objection, as an objection to the documents being used in evidence before the jury, was sound in part. Whether the court should, or should not, have entertained the branch of the suit relating to the alleged lien, the account was the basis of the main issue, and the reading of the bill of particulars was proper for the better understanding by the jury of the evidence which was adduced in explanation and support of the account, and as to this the objection was not

well taken; but the issue as to the account alone was before the jury, the description of the property sought to be charged with a lien, had no tendency to establish this issue, was irrelevant to it, and therefore, incompetent as evidence upon it, and to the reading of this document the objection was well taken; but from the nature of its irrelevancy, the reading of the document could not have affected the mind of the jury; if the court should have entertained this branch of the case, the description, accompanied by proof of verity, must necessarily have been read in evidence by Davis in the jury's hearing, because it was evidence to be addressed to the court in support of the alleged lien (provided, its competency was not lost by its withdrawal from the register's office—a circumstance which is mentioned below, and which does not affect the present question) though methodically it should have been so read, after all the evidence going to the jury had been introduced, inasmuch as the principal claim had to be established, before the collatteral claim was reached; moreover, the main issue alone, and no point relating to the alleged lien was submitted to the jury, and the latter found only upon the main issue; hence the reading of the description to the jury could not have affected the verdict or result, was a harmless error, and is not a ground for a reversal.

This disposes of all the objections which are presented by the record upon the primary part of the case. We therefore find no error of fact or law in the verdict; nor any error in the judgment rendered below, so far as it is a general and personal judgment, and, to that extent we affirm it.

The district court has full jurisdiction upon its law side to administer a mechanic's lien; the explicitness of the statute to this effect obviates the necessity of exposition. But the court below acquired no jurisdiction to administer one in this case. The petition, by way of presenting to it a subject-matter—having set forth the claim for labor and materials, alleged, "Said labor being done, and materials furnished *upon a certain dwelling house of the defendant, de-*

*scribed as being one and one-half story log dwelling house, situate on* the southeast quarter of the southeast quarter of section number four, township number fifteen, range number seventy-three west, *and claimed by the defendant,* in the county of Albany and Territory of Wyoming." The allegation unmistakably states the house, as the only property claimed by him; and is the only allegation, employed to present any property, as subject to the alleged lien; therefore, the petition does not attribute to Fein any ownership in the land, on which the house is described as situated, nor any right of removal; if he had no right of removal his ownership of the house, being intangible to himself, was inaccessible to the law, and there was no subject-matter before the court, on which to enforce a lien; if he had a right of removal, it attached only to a movable fixture,—personal property, and the enforcement of a lien upon personal property must, in the first instance certainly, be attempted by the creditor without the aid of the court, it being for the court to administer a lien in the first instance only against the realty; a comparison of sections one, five and ten, of the Act of December 1, 1871, at pages 459 to 461, of the Compilation, makes clear this distinction between the personalty and the realty as to the different methods of enforcing a lien. The district court rendered judgment for the plaintiff below for the amount of the verdict and costs, which is the general and personal part of its judgment; and in continuation adjudged that, in case of non-payment of the damages and costs within thirty days, "*the premises described in the petition*"—thus inserting in the judgment order, as a description of them, the description which I have recited from the petition—be sold to satisfy the judgment.

The assignment of error that the facts set forth in the petition, were insufficient to sustain the judgment, is true to the extent of the lien portion of the judgment. It is also observable that the order of sale embraced the premises whereon the house stood, and neither petition, proofs nor order identifies them, as well as the house, and therefore

beyond the latter was impracticable as well as excessive; and we do not decide but that that rendered the entire order void, even if it would have been valid had it been confined to the house. The judgment, so far as it is a lien-judgment, is reversed; and, so far as it is a general and personal judgment, is affirmed; and stands modified accordingly. No costs of appeal are allowed to the defendant in error; costs of appeal are allowed to the plaintiff in error, and are to be deducted from the judgment, above affirmed.

The petition shows that Davis withdrew his lien-notice from the register's office, and filed it in the district court. It does not disclose whether there were or were not other lien-holders, and therefore does not disclose that there were no other lien-claims, to be administered upon under sections five and six of the lien-act in connection with the lien claimed by Davis. Whether this withdrawal of the lien-notice destroyed the lien, provided one had been acquired, and this omission to allege as to the existence or non-existence of other lien-holders were jurisdictional, we do not decide.

Whether, if the court had jurisdiction, Davis proved a lien by simply reading an alleged lien-notice, filed with the petition, and constituting parts of it, and the judgment sustaining the lien, would not have been open to the objection of insufficiency of evidence, is a question which we do not decide.

Judgment modified and affirmed.