## FERGUSON v. DAVIS COUNTY.

1. **Venue: PRACTICE: APPEAL.** The bill of exceptions signed by a judge of the Circuit Court cannot recite what occurred in the District Court prior to a change of venue.

2. ———: **CHANGE OF: WAIVER.** The party resisting a motion for a change of venue does not waive an objection to the ruling granting the change by appearing in the court to which the cause is removed and stipulating for a trial thereof at a time certain, or by moving for a new trial after verdict.

3. ———: ———: ———. The fact that the party has had a fair trial before an unprejudiced jury does not make the error in granting the change error without prejudice.

*Appeal from Appanoose Circuit Court.*

WEDNESDAY, JUNE 4.

ACTION to recover damages sustained by the plaintiff by reason of an insufficient and defective county bridge, from which it was alleged he was precipitated. The allegations in the petition were denied, and there was a jury trial, verdict and judgment for the plaintiff. The defendant appeals.

*Traverse & Eichelberger,* for appellant.

*M. H. Jones, Trimble, Carruthers & Trimble, and Vermillion, Haynes & Vermillion,* for appellee.

SEEVERS, J.—This action was commenced in the District Court of Davis county, and at the February Term, 1876, an answer was filed and the cause continued to the September Term, and again continued to the February Term, 1877. During this last term the plaintiff made an affidavit and motion for a change in the place of trial, based on two grounds: *First,* the county in which the action is pending is the defendant; and, *second,* "the inhabitants of the county are so preju-

diced against plaintiff that he cannot obtain a fair trial of said cause in said county."

To this motion the defendant filed written objections, because—*First*, the "application comes too late, the cause having been heretofore continued from term to term;" *second*, "it is not shown that the matters set out in said application were not known to the applicant before the continuance of said cause;" and, *third*, "the application is not supported by the affidavits of three disinterested persons, as required by law."

The record of the District Court shows that the motion was submitted to the court under an agreement that it was to be decided in vacation.

The said record further shows the application was overruled "because the application does not state that the cause was not known to the plaintiff before such continuance." Said record fails to show that any exception was taken to the ruling.

Previous to or at the time the motion was submitted it was agreed that the plaintiff, in case it was overruled, might, if he was so advised, file an amended application for the change. This he did at the September Term, 1877, of the District Court, which, referring to the former affidavit, states "that he did not know of the existence of such prejudice till the last term of this court." This statement was duly verified by the plaintiff, whereupon the cause was transferred to the Circuit Court of Davis county, and it was agreed the application should have the same standing in the Circuit Court as it had in the District Court when the transfer was made.

The cause being thus in the Circuit Court the defendant filed in substance the same objections to the change as had been made in the District Court. They were overruled, and the trial changed to Appanoose county. This action of the court is assigned as error.

It should be stated that the judge of the Circuit Court of Davis county signed a bill of exceptions which stated that

other things transpired in the District Court than above stated.

I.   The statute provides that a change in the place of trial shall not be allowed after a continuance except for a cause **1. VENUE: practice: appeal.** not known to the affiant before such continuance, and if the ground is that the inhabitants of the county are prejudiced against the appellant the motion shall be supported by the affidavits of three disinterested persons.   Code, §§ 2590, 2591.   As there are no exceptions in the statute it applies to an action in which the county where it is pending is a party as fully as to any other.

Among other things contained in the bill of exceptions signed by the judge of the Circuit Court is the statement that the ground of objection that no supporting affidavits had been filed was overruled by the District Court, and it is presumed the Circuit Court, by reason of such supposed fact, concluded such objection, when made in the Circuit Court, must be overruled, because that was the *status* of the cause when it reached said court.

The judge of the Circuit Court cannot, in our opinion, certify or state in a bill of exceptions what occurred in the District Court.   He has no such power or authority.   So much of the bill of exceptions, therefore, as states the action of the District Court must be regarded as a nullity.

The ruling of the District Court was favorable to the defendant.   No exceptions were, therefore, required.   From such decision the defendant could not have appealed.   The grounds upon which said court based its action were immaterial.   Besides this it will be observed that the record in the District Court is silent as to the objection that there were no supporting affidavits.   The presumption is that, deeming the two first objections sufficient, no determination was made of the third.

At this stage of the proceedings the amended application was filed.   If the cause had not been transferred to the Circuit Court it would have been the duty of the District Court

Ferguson v. Davis County.

to determine the motion, and if the record failed to show any supporting affidavits the motion should have been overruled. *Finch v. Billings*, 22 Iowa, 228. The cause, by agreement of the parties, had the same standing in the Circuit Court as if no transfer had been made. From the whole record, as transmitted from the District Court, the Circuit Court should have overruled the motion, because there were no supporting affidavits, as required by statute. The abstract shows that the "following motion for a change of venue was filed." This consists of the affidavit of the plaintiff only.

Following this are the objections thereto, and the action of the District Court. Then follows the amended application or affidavit of the plaintiff, and the objections thereto, and action of the court thereon. There is no amended abstract denying the correctness of the abstract, or that it does not contain all the evidence in either of the courts below bearing on the question under consideration. But it is insisted in argument, as the abstract fails to state in terms no supporting affidavits were filed, and the settled rule being that error must affirmatively appear, therefore the ruling of the court below must be affirmed. We are not required to determine this question, because the appellee has filed an amended or additional abstract, in which certain additional evidence bearing upon the question of the change in the place of trial is set forth, without claiming that with the parts of the record so supplied all the evidence would not be contained therein. Such a record must be regarded as full, perfect and complete, as was expressly held in *Starr v. The City of Burlington*, 45 Iowa, 87.

II. It is urged the defendant waived the objection to the ruling aforesaid by appearing in Appanoose county and trying the cause. In support of this position section 2589 of the Code is cited, which provides that if an action is brought in the wrong county it may be there prosecuted to a determination, unless the defendant, before answer, demands a change to the proper county. This section has no

2. ——: change of: waiver.

application in this case.   Here the action was brought in the right county and changed to the wrong, against the protest and objection of the defendant.

It is also urged that, independent of the statute, the defendant waived the objection by going to trial, and in support of this position *Davis v. Davis*, 8 Mo., 56, and *Gilstrap v. Felts*, 50 Mo., 428, are cited.   We have examined these cases and find that neither of them is applicable.   If they were, we should regard ourselves bound by the prior decisions of this court.   In *Jones v. C. N. W. R. Co.*, 36 Iowa, 68, it was held, where an application like the present was improperly overruled, the cause continued and tried at a subsequent term, that the error was not waived by going to trial.   This decision was followed by *McCracken v. Webb*, 36 Iowa, 551, where the change was erroneously granted, and the trial had taken place in the court to which the cause had been changed.

After the change had been granted the parties stipulated the cause should be tried on a certain named day, and after verdict the defendant moved the Appanoose Circuit Court for a new trial.   It is insisted that by reason of said matters the error in granting the change was waived.   Neither of these objections is well taken.   The defendant had objected to the change, been overruled and excepted.   It could do nothing more, and clearly waived nothing by stipulating that the trial, which must take place some time, should be had on a named day.   The defendant could not prevent the trial from taking place.   In the motion for a new trial the defendant insisted that the court had erred in granting the change, and for this reason, if no other, it waived nothing.   It was the last and only appeal which could be made to the court below.

III.   If the ruling was erroneous it is urged the defendant has had a fair trial before an unprejudiced jury, and therefore it was not prejudicial.   If this position be correct, it logically follows that in all cases where the place of trial is erroneously changed, and there is no other error in the case, that it is without prejudice.   In this

view we do not concur.  If the trial of a cause is illegally changed or refused, prejudice is conclusively presumed, because an illegal act has been done.

IV.  Many other errors are assigned.  An examination of them satisfies us that most of them are not well taken. Others will not likely occur on a new trial, and some were not prejudicial.  Under the circumstances we do not deem it best to take the time or space that would be required to satisfactorily determine all of said errors.

Because of the error hereinbefore alluded to the cause must be reversed, and remanded to the Circuit Court of Davis county, where such error occurred.  This course is sanctioned by *McCracken v. Webb,* heretofore cited, and *Rogers v. Watrous,* 8 Texas, 62.

REVERSED.