## No. 10,030.

### THE STATE EX REL. J. T. NOLAN ET AL. VS. THE JUDGE OF THE TWENTY-SECOND JUDICIAL DISTRICT ET ALS.

A judge who has been recused has no right to take any judicial action in the case in which the recusation has been made

It does not appertain to him to say that the recusation is not well founded.

He must, immediately, where he does not acknowledge, *proprio motu*, that the recusation rests on good reason, call in another judge, or lawyer, as the case may be, to determine the question on that issue.

It is not until *after* the question has been decided adversely to the party raising it, that the judge can resume and exercise jurisdiction over the controversy.

It ought to be well known that, under article 90 of the Constitution, this court has a general supervision and control over inferior courts, *regardless of amount*, in all cases, otherwise proper.

 PPLICATION for Prohibition.

*G. A. Goudran & R. N. Sims,* for the Relators.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   This is an application for a prohibition, to prevent the district judge from passing upon a suit in which he was recused, and for a *mandamus* to compel him to call on a judge to determine the question of recusation.

It appears that the relators brought suit before the Twenty-second Judicial District Court, setting up certain rights to the ownership and administration of a local newspaper, claiming a sequestration of its apparatus, and praying that certain parties be enjoined from using the same.

In their petition the plaintiffs recused the judge of that court on the ground of relationship.

The clerk issued the sequestration and the injunction, which were executed.

The district judge afterwards, on an application to bond, dissolved the writs.

The plaintiff, now the relators, complain that the district judge had no authority to take any action; that he ought to have called in a judge to pass upon the recusation, and that, having failed to do so, a *mandamus* should issue to compel compliance with that duty.

The district judge returns, that this court has no jurisdiction over this cause, the matter in dispute in the suit before him not exceeding $2000; that the clerk had no right to issue the writs; that the recusation is unjustifiable; that he had the right to dissolve the writs on bond, etc.

It is, indeed, surprising and incredible that, at this late day, article 90 of the constitution, which vests this court with general supervision and control over *all* inferior courts, to be exercised by the usual remedial writs, and that the jurisprudence expounding it, which has settled that this power may be exercised in *all* cases, *regardless* of amount or matter in dispute—remain ignored by any member of the judiciary or bar.

The objection that the matter involved does not exceed $2000 must be at once dismissed, with the hope that it will not be repeated as long as the article shall not have been revoked.

It may well be that the order of the clerk is illegal, that the recusation is groundless, but it is unquestionable that it did not lie in the mouth of the respondent so to say, under the circumstances.

It was the undeniable duty of the judge to have stood aside and at once called upon a judge *ad hoc* to pass upon the validity of the recusation, and it was not until *after* the recusation had been declared without foundation that he could take any action in the case.

The adjudications of this court are quite numerous, and rest on solid and conservative considerations. State ex rel. Tyrrell vs. Judge, 33 Ann. 1293; Wardens vs. Perche, 36 Ann. 160; State ex rel. Segura vs. Judge, 37 Ann. 253; State ex rel. Trimble vs. Judge, 38 Ann. 247; Amaker vs. Vernado, 19 Ann. 381; Hunter vs. Blackmar, Manning's U. C. 427.

As the district judge had no authority to act in the case as he did, it follows that the order which he made to dissolve the writs on bond was unwarranted, and so is an absolute nullity.

The rights of the defendants to ask the dissolution on bond, or otherwise, must, however, remain unaffected, provided it be asserted *after* the recusation shall have been finally passed upon.

The case presented is a clear one for the relief asked.

It is, therefore, ordered and decreed, that the respondent judge do *at once* withdraw from the case, and call upon a lawyer, having the qualifications of a judge, to hear and determine the question of recusation, and that said respondent judge be prohibited from exercising any jurisdiction over the cause, until *after* said recusation shall have been finally determined adversely to the plaintiffs in the case.

It is further decreed that the dissolving order, made by the respondent judge, be declared null and set aside, reserving to the defendants in the case to urge a demand for a dissolution, in due course, and before a proper authority, and that relators recover their costs.