## MURDICA v. STATE.
### (No. 744.)

CRIMINAL LAW—TRIAL—CHANGE OF JUDGE—AFFIDAVIT OF PREJUDICE
—STATUTES—CONSTRUCTION—CHANGE OF VENUE—INSTRUCTIONS—
CREDIBILITY OF WITNESSES.

1. Under the statute allowing a defendant in a criminal case to make an affidavit stating that he believes he cannot receive a fair trial owing to .the bias or prejudice of the judge and providing 'that when such objection is made the judge shall call in one of the other district judges of the state to try the action, who shall try or continue the cause as if it had been originally brought before him (Comp. Stat. 1910, Secs. 5147, 5148), the filing of the affidavit for a change of judge alone disqualifies the judge against whom such affidavit is directed from presiding at the trial, or from determining any controverted question of law or fact presented to the court after such affidavit has been filed and called to the court's attention.

2. The "trial", as contemplated by the statute providing for a change of judge in criminal cases, begins when any controverted question of law or fact is presented to the court for determination.

3. Upon filing the statutory affidavit for a change of judge in a criminal case, and calling the same to the court's attention, the judge against whom the affidavit is directed becomes disqualified from further exercising any legal discretion touching or affecting the defendant's trial, and is therefore disqualified from passing upon a subsequent motion for change of venue because of alleged excitement or prejudice against defendant in the county.

4. Where, in a criminal case, the. defendant filed an affidavit for change of judge on account of bias or prejudice, and called the same to the court's attention, and thereafter the district judge, over the objection of the defendant, presided at the hearing of a motion for a change of venue from the county, the defendant's objection and exception thereto was not waived by afterwards announcing that he was ready for trial when the case was called for trial before another judge who had been called in to try the same.

5. The ruling by the district judge that he was not disqualified to hear and determine the motion for a change of venue from the county, and his action in hearing and deter-

mining such motion were erroneous, an affidavit for a change of judge having been previously filed and called to the court's attention, and were necessarily prejudicial notwithstanding that the defendant had the benefit of a trial before an unprejudiced jury.

6. An instruction referring to the testimony of detectives, who were witnesses for the state, to the effect that the jury should, in considering such testimony, give it such weight as in their judgment it was entitled to receive, "considering the nature of the same, their opportunity for knowing the facts of which they testify, and their appearance and demeanor upon the witness stand, and all other elements which go to their credibility, including their interest and bias," was erroneous, since the jurors were the sole judges of the credibility of the witnesses, and it was for them to determine whether any interest or bias was shown by the evidence.

[Decided Jan. 10, 1914.]                    (137 Pac. 574.)

ERROR to the District Court, Weston County; HON. DAVID H. CRAIG, Judge.

Vincenzo Murdica was charged with having killed and murdered one John Giachino. He pleaded not guilty and filed an affidavit for change of judge, and subsequently an affidavit for change of venue. The District Judge, against whom the affidavit for change of judge was directed, heard and determined the motion for change of venue adversely to defendant, over his objection, and to which ruling the defendant excepted. Thereafter upon a trial of the case, the defendant was convicted, and he brought error. The other material facts are stated in the opinion.

*Enterline & LaFleiche,* for plaintiff in error.

The refusal of the Judge of the District, after the affidavit of prejudice had been filed, to call in another District Judge to hear and determine the motion for a change of venue was a fatal and prejudicial error. (Huhn v. Quinn, (Wyo.) 128 Pac. 514; Buchanan v. State, (Okl.) 101 Pac. 295; Dodd v. State, (Okl.) 115 Pac. 632; Salm v. State (Ala.) 8 So. 66; State *ex rel* v. Dist. Judge, (La.) 3 So.

91; Frevert v. State, (Nev.) 11 Pac. 273; State *ex rel* v. Sachs, (Wash.) 29 Pac. 446; Lincoln v. Terr. (Okl.) 58 Pac. 730; Gordon v. Gonor et al., (Ida.) 51 Pac. 747; State v. Finder, (S. D.) 81 N. W. 959; State v. Kent, (N. D.) 62 N. W. 631, 27 L. R. A. 636; State v. Palmer, 4 S. D. 543, 57 N. W. 490). By the motion for change of venue the defendant challenged the qualifications of the men eligible as jurors in the County of Weston to sit as fair and impartial jurors in the trial of the defendant, and clearly the District Judge who had been disqualified, by reason of his bias and prejudice, to try the defendant was thereby disqualified to determine whether or not the defendant could receive a fair trial in the county.

It was error to refuse the instruction requested by defendant to the effect that greater care should be exercised in considering the testimony of persons employed to find evidence against the accused. (State v. Shrew, (Kan.) 57 Pac. 137; Sandage v. State, (Neb.) 85 N. W. 35; People v. Rice, (Mich.) 61 N. W. 540; Rivers v. State, (Ala.) 12 So. 434; State v. Snyder, (Kan.) 57 Pac. 135; Frudie v. State, (Neb.) 92 N. W. 320). The instruction which was given by the court in place of the one requested by defendant on this subject does not cure the error, for that instruction charged the jury in effect to consider the testimony of the witnesses referred to as though given by a disinterested and unbiased witness. While we recognize the rule that an appellate court will not disturb a finding on a question of fact where there is substantial conflict in the evidence, we think this case presents the situation of a verdict without any evidence to support it, and that a careful scrutiny of the evidence will disclose that a grave injustice has been done by the verdict convicting the defendant. The rule that ought to govern in the consideration of this evidence is well stated in State v. Suitor, (Mont.) 114 Pac. 112, to which case attention is especially directed with reference to a conviction of murder in the first degree upon circumstantial evidence like that in the case at bar. Other cases fairly

in point upon the evidence may be cited as follows: Brooks v. State, (Tex.) 120 S. W. 878; Nash v. State, (Okl.) 126 Pac. 260; Hall v. Comm, (Ky.) 147 S. W. 764; Cummings v. State, 110 Ga. 293, 35 S. E. 117; Patton v. State, 43 S. E. 533; McDaniel v. State, 53 Ga. 256; Shannon v. State, 57 Ga. 482; Ware v. State, 96 Ga. 349, 23 S. E. 410; State v. Gamber, (Wash.) 124 Pac. 210; Kemp v. State, (Ga. App.) 68 S. E. 558; Fain v. Atlanta, (Ga. App.) 68 S. E. 619.

The trial court unreasonably and improperly restricted counsel for defendant in cross-examination of the two witnesses who had been hired as eavesdroppers. Counsel should have been permitted to interrogate those witnesses at great length, as to every circumstance connected with their alleged visits to the jail where the defendant was imprisoned, so as to ascertain exactly what each had written in his book, and how much of it each could remember without the memoranda, in order to test their credibility. (State v. Carroll, (Ia.) 51 N. W. 1159).

*D. A. Preston,* Attorney General, for the State.

In Huhn v. Quinn, 128 Pac. 514, this court was called upon to construe the statute as to change of judge upon facts differing materially from those in the case at bar. But it was held in that case that after a motion and affidavit for change of judge, the judge against whom the same is filed has no further jurisdiction in the case except for the purpose of granting the motion for change of judge. And under the ruling in that case the action of the District Judge in hearing and determining the subsequent motion for change of venue was a nullity. It being conceded, then, that in determining said motion Judge Parmelee was without authority and acted beyond his jurisdiction, what was the effect of his so acting? On behalf of the State it is contended that the motion for change of venue was not legally disposed of when Judge Craig was called in to try the case; and that said motion was on file and should have been called to his attention. However, the motion was never brought to

his attention and it should be regarded as having been abandoned. And this view is strengthened by the fact that the defendant went to trial without objection and consented to the selection of the jury from persons residing out of the five-mile limit. The general rule is that a motion not called up or brought to the attention of the court is waived. (28 Cyc. p. 6; Prall v. Hunt, 41 Ill. App. 140; Wallace v. Lewis, 9 Mont. 399; Morris v. State, 65 S. W. 531; People v. Plummer, 9 Cal. 299; Frevert v. Swift, 11 Pac. 273; People v. Goldenson, 76 Cal. 328; People v. Fredericks, 106 Cal. 554). The defendant had ample time within which to present his motion for change of venue to Judge Craig, and not having done so he cannot now complain. A defendant in a criminal case cannot on appeal insist that error was committed as to a matter upon which he has kept quiet when he might have been heard thereon at the trial. (Parker v. Palmer, 22 Ill. 489; Crawford v. State, 50 Ga. 249; Bush v. State, 47 Neb. 642; State v. Meader, 47 Vt. 78; Porteet v. People, 70 Ill. 171; State v. Harper, 28 La. Ann. 35). While a defendant may be entitled to an instruction as to an informer's testimony, if timely and properly requested, he is not entitled to a requested instruction that states the law only in part, or goes beyond the law on the subject. The instruction requested in this case on the subject was clearly erroneous and properly refused.

*Enterline & LaFleiche,* for plaintiff in error, in reply. The cases cited by the Attorney General in support of the proposition that the action of the District Judge against whom an affidavit of prejudice had been filed in determining the subsequent motion for change of venue was not prejudicial; and that the said motion was waived by not calling the same to Judge Craig's attention are each clearly distinguishable upon the facts from the case at bar. The defendant in his motion for new trial assigned as ground therefor the order made in denying the change of judge for the hearing of the motion for change of venue and the order made in hearing and overruling that motion. That was the proper

and only time for the defendant to present the question again to the trial court. A judge of co-ordinate jurisdiction has no power to review an order or decision of another judge, based upon the same facts, but the remedy is by appeal. (Marvin v. Weider, 31 Neb. 774, 48 N. W. 825; Platt v. R. R. Co., 170 N. Y. 451, 63 N. E. 532; Chamberlain v. Dunville, 21 N. Y. Supp. 827; Bank v. Jenning, 4 N. D. 228, 59 N. W. 1050; Warren v. Simon, 16 S. C. 362; State v. Price, 35 S. C. 273, 14 S. E. 490; Shreve v. Cheesman, 69 Fed. 785; Claflin v. Furtick, 119 Fed. 429; Plattner Imp. Co. v. Int. Har. Co., 133 Fed. 376).

Scott, Chief Justice.

On September 7, 1912, an information was filed in the District Court of Weston County charging the defendant in the language of the statute with having on April 30, 1912, in said County and State wilfully, unlawfully, feloniously and with premeditated malice killed and murdered one John Giachino, and to this information the plaintiff in error, defendant there, was on September 9, 1912, duly arraigned and entered his plea of not guilty. On the day following, to-wit: September 10, 1912, the defendant filed his motion supported by his affidavit for a change of judge pursuant to the provisions of Section 5147, Comp. Stat. 1910. Upon the filing of this motion the court's attention was called to the same whereupon the court announced that the matter would be taken under advisement. On the same day and before a jury had been impaneled in said cause (Section 5152 id.) the defendant also filed in the office of the Clerk of said court a motion for a change of venue supported by affidavit under the provisions of said Section 5147. The Prosecuting Attorney filed his affidavit traversing the affidavit of the defendant, and on the same day, to-wit: September 10, 1912, the defendant requested the court to call some other judge to hear and act upon the motion for a change of venue from the County of Weston. The bill of exceptions recites: "And thereupon, the said cause having already been delayed two days beyond the date set for the trial

thereof, and the jury having in the meantime been kept in waiting, at the request and for the convenience of the defendant to allow him and his counsel time to prepare and present their motion for a change of venue from the County of Weston, the court, the Hon. C. H. Parmelee, Judge, presiding, did then and there refuse and decline to call any of the other District Judges of the State of Wyoming to hear and try the aforesaid motion of the defendant for a change from the County of Weston, to which said refusal the defendant at the time by his counsel excepted. And the court did thereupon, through the Hon. C. H. Parmelee, Judge, presiding, announce that it would then and at that time hear the defendant's motion for a change of venue from the County of Weston.

And Be it Further Remembered:

That the said defendant by and through his counsel did then and there protest and object against a hearing by the aforesaid court with the Hon. C. H. Parmelee, Judge, presiding, of the defendant's motion for a change of venue from Weston County, which said objection and protest were then and there overruled by the court, and the defendant by his counsel then and there excepted . Whereupon the said defendant by Enterline & LaFleiche, his attorneys, and the defendants Toni Aspoli by H. P. Ilsley, his attorney, and Paul Monette by his attorney, A. H. Beach, appeared and jointly entered into the stipulation in regard to the testimony to be taken upon said motion for a change of venue from the County as set forth herein." The court, Judge Parmelee presiding, having heard the testimony in support of and against the motion took the same under advisement and on September 11, 1912, entered its order overruling said motion, and on September 14th following, entered its order calling in Judge Craig of the Third Judicial District to further hear and try the case.

The question here presented is, was Judge Parmelee the regularly elected and presiding judge of the Fourth Judicial District after the filing of the affidavit alleging bias and prejudice of the judge and asking that one of the other

District Judges of the State be called in to try the case and his attention having been called thereto, disqualified to hear and determine the motion for a change of venue? There is no objection urged as to the sufficiency of this affidavit under Section 5147, *supra*. That section is as follows:

"§5147. The defendant in a criminal action may make an affidavit stating that he believes he cannot receive a fair trial owing to the bias or prejudice of the judge or the excitement or prejudice against him in the County; the Prosecuting Attorney may thereupon traverse by his affidavit the allegations of defendant, except those concerning the bias or prejudice of the judge, and the court or judge shall thereupon set down the issue so presented for trial before him at a stated time, at which time both parties shall present their witnesses, who shall be examined under oath orally, and if it appears to the court or judge, upon such hearing, that the trial would be more impartial in another county, the application shall be granted."

In order to construe this section upon the facts here presented it becomes necessary to consider Section 5148 as to the effect of an objection to the judge by affidavit. That section is as follows:

"§5148. When the objection in a criminal action is to the judge, he shall call in one of the other District Judges of the State to try said action, who shall try or continue the cause as if it had been originally brought before him."

The purpose of the statute is to give the defendant the right to a fair trial before a judge and jury who are neither biased nor prejudiced. The ruling upon a motion for a change of venue when contested involves the weighing of evidence and the exercise of a legal discretion and under the statute the filing of the affidavit for a change of judge alone disqualifies the judge against whom such affidavit is directed from presiding at the trial by reason of an indisputable presumption of bias or prejudice arising from the making and filing of such affidavit. To permit a judge against whom objection has been properly made to preside at the hearing and determine a disputed motion for a change

of venue or a continuance might be far more prejudicial
than a ruling on the admission of testimony or the giving of
an instruction. It is true that the statute gives the defend-
ant the right to file such an affidavit but we cannot say that
the statute should be held for naught because the right or
privilege is subject to abuse, but if it be so then the remedy
is with the Legislature and not with the courts. It will be
observed that by Section 5147 upon filing an affidavit ob-
jecting to the judge no traverse to such affidavit is permitted
to be filed. In other words no issue of fact is or can be
permitted. No legal discretion is lodged in the court, for
the filing and calling the court's attention to such an objec-
tion of record disqualifies the judge so objected to from
trying the case. It is suggested that the statute is subject
to the construction that the judge is disqualified only from
presiding at the trial, that the trial begins after the jury is
sworn, and that the disqualification goes to the trial or con-
tinuance of the case alone and not to preliminary matters
leading up to the trial. We do not think this is the correct
rule, for the statute must be given a liberal construction and
by the provisions of Section 6207 the selection and impanel-
ing of the jury is a part of the trial and by the provisions of
Section 6235, after the jury has been impaneled and sworn
the trial shall proceed in a certain manner as therein indi-
cated. We think the trial as contemplated in the statute
under consideration begins when any controverted question
of law or fact is presented to the court for determination.
(21 Ency. P. & P. 956). The distinction between what con-
stitutes a trial and jeopardy should be clearly borne in
mind, a distinction too well known and understood to need
discussion. For the purposes of review at least whatever
ruling is made by the trial court in a criminal case proper
to be embraced in the bill of exceptions and of which the
defendant feels himself aggrieved must be assigned as a
ground in the motion for a new trial, (Section 6286, Comp.
Stat. 1910) and preserved by the bill of exceptions. (Sec-
tion 6241 Id). One of the grounds for a new trial by Sec-
tion 6286 is, "Irregularity in the proceedings of the court,

jury or the Prosecuting Attorney or the witnesses for the State, or any order of the court or abuse of discretion, by which the defendant was prevented from having a fair trial." The new trial thus sought is based upon errors occurring at the former trial either before or after the jury is called to try the case. In this sense we do not think the strict construction of the statute contended for by the State is applicable. Indeed the theory of our criminal code is fairness to the accused and if the judge is disqualified by bias or prejudice, from presiding at the trial, and the statute makes him so upon filing the statutory affidavit, he is equally disqualified from further exercising any legal discretion touching or affecting defendant's trial. In any case where misconduct or abuse of discretion by the trial judge is shown whereby the defendant was prevented from having a fair trial the verdict should be set aside. It would thus seem that such misconduct or abuse of discretion is not limited to matters occurring after the jury is impaneled and sworn but applies to precedent matters as well and such matters are called to the trial court's attention by the motion for a new trial as it was in this case. It was early held in this jurisdiction that a motion for a change of judge in a criminal case upon the ground of prejudice or bias of the judge disqualifies such judge from further presiding in the trial of the case. (Hamilton v. The Territory of Wyoming, 1 Wyo. 131). In Huhn v. Quinn, 21 Wyo. 51, 128 Pac. 514, a civil case recently decided by this court, it was held under a statute no more mandatory that a motion supported by the statutory affidavit disqualified the judge so objected to from further acting in the case other than to call in one of the other District Judges of the State to preside at the trial. Such being the construction of the statute which has long obtained in this jurisdiction we feel that this court is bound thereby. In Buchanan v. State, 2 Okl. Cr. R. 126, 101 Pac. 295, the defendant was prosecuted for and convicted of the crime of rape. Before the case was called for trial the defendant moved for a change of judge supported by affidavit in which he stated in the language of the statute:

"That he can not have a fair and impartial trial on account of the bias and prejudice of the presiding judge. * * * * ." The motion was overruled, for which the case was reversed. The same court held in Dodd v. State, 5 Okl. Cr. R. 513, 115 Pac. 632, that "When a trial judge is disqualified to sit in the trial of a cause he cannot make a valid order appointing a special County Attorney to appear and prosecute on behalf of the State upon suggestion of the disqualification of the regularly elected and qualified attorney." In Salm v. State, 89 Ala. 56, 8 So. 66, it was held that where a judge was disqualified to try the case by reason of relationship to the prosecutor, it was erroneous for him to make orders setting the day for trial, determining the number of special jurors to be drawn and summoned and the manner of drawing them. We cite without further comment in support of our construction of the statute here involved the following cases, viz: State *ex rel.* Nolan v. Judge 22nd Jud. Dist. 39 La. Ann. 994, 3 So. 91; Frevert et al. v. State, 19 Nev. 363, 11 Pac. 273; Lincoln v. Territory, 8 Okl. 546, 58 Pac. 730; Gordon et al. v. Conor et al., 5 Idaho, 673, 51 Pac. 747; State v. Kent, 4 N. D. 577, 62 N. W. 631, 27 L. R. A. 686; Cory v. Silcox, 5 Ind. 372; Nitter v. Taylor, 7 Ind. 110; Mauley v. State, 52 Ind. 215; Krutz v. Friffith, 68 Ind. 444.

Judge Parmelee in assuming to preside during the hearing upon the motion for a change of venue after being disqualified by reason of the affidavit directed to him necessarily construed the statute in question. His ruling upon that question was *stare decisis* in that court and *res adjudicata* in the case until reversed. There was then nothing for the defendant to waive and the announcement by him thereafter and within a month of the time of the ruling on the motion for change of venue that he was ready for trial at the time the case was called by the court (Judge Craig presiding) was not an express waiver of errors which had theretofore occurred and to which exception had been duly taken. In Jones v. C. N. W. R. Co., 36 Iowa, 68, it was held where a motion for a change of venue was improperly overruled,

the case continued and tried at a subsequent term, that the error was not waived by going to trial. That decision was followed in McCracken v. Webb, 36 Iowa, 551, where the change was erroneously granted and the trial had taken place in the court to which the cause had been changed. In Ferguson v. Davis County, 51 Iowa, 220, 224, 1 N. W. 509, after the change of venue had been granted the parties stipulated that the case should be and was tried on a certain named day and after verdict a motion for a new trial was made. It was insisted that by reason of those matters the error in granting the change was waived. The court say: "Neither of these objections is well taken. The defendant had objected to the change, been overruled and excepted. It could do nothing more, and clearly waived nothing by stipulating that the trial, which must take place some time, should be had on a named day. The defendant could not prevent the trial from taking place. In the motion for a new trial the defendant insisted that the court had erred in granting the change, and for this reason, if no other, it waived nothing. It was the last and only appeal which could be made to the court below." Following these decisions, and we think we are justified in so doing from the high standing of the court from which they emanated, we have no hesitancy in saying that there was no waiver of the error in defendant going to trial before the court, Judge Craig presiding. The defendant had objected to Judge Parmelee passing on the question of the change of venue, been overruled and excepted thereto. He could do nothing more. He could not prevent his trial from taking place. He was compelled to submit to the way his case had shaped itself and if there was error to his prejudice he had his right of review. It is insisted that the error was not prejudicial because he had the benefit of a trial before an unprejudiced jury. It was so urged in Ferguson v. Davis County, *supra.* The court there said: "If this position be correct, it logically follows that in all cases when the place of trial is erroneously changed, and there is no other error in the case, that it is without prejudice. In this view we do not concur. If

the trial of a cause is illegally changed or *refused,* prejudice is conclusively presumed, because an illegal act has been done." In the case before us we think as the statute disqualifies the presiding judge upon the filing of the required affidavit, his ruling that he was not disqualified to hear and determine the motion for a change of venue and his doing so were erroneous, and of necessity prejudicial.

The defendant requested and the court refused to instruct the jury that greater care should be used by the jury in relation to the testimony of persons employed to find evidence against the accused than in other cases, because of the natural and unavoidable tendency and bias of such person to construe everything as evidence against the accused and disregard everything which does not tend to support their preconceived opinions of the matter in which they were engaged. The last part of this instruction was bad, for it is argumentative. We have grave doubts as to the propriety of the first part of the instruction, as it is a comment on the weight of the evidence. The instruction was directed to the evidence of two witnesses for the State who were compensated at the rate of eight dollars per day to secrete themselves in the jail where they could overhear any and all conversation between the defendant and two others who were jointly charged with the same homicide. The court after refusing to give the instruction so requested gave on its own motion instruction number one in part as follows : * * * * "You are at liberty and ought to treat such testimony in the light of testimony given by interested witnesses, and give their testimony closer scrutiny before accepting its truth than if they were wholly disinterested witnesses. * * * * * ." Assuming that this instruction was one proper to give on the facts of the case, and of which we have heretofore expressed our doubts, we think the latter part of the instruction was clearly erroneous and prejudicial. That part of the instruction is as follows, viz : "Yet you ought not as jurors disbelieve such witnesses solely and only for the reason that they were employed to obtain testimony for the prosecution, but you should give their testi-

mony the same consideration as any other testimony in the case, giving it such weight as, considering the nature of the same, their opportunity for knowing the facts of which they testify and their appearance and demeanor upon the witness stand and all other elements which go to their credibility, including their interest and bias, and give to their testimony such weight as under all the circumstances the same is, in your judgment, it is entitled to receive." It will be observed that the court told the jury that in weighing the testimony they should take into consideration the interest and bias of the witness. The jurors were the sole judges of the credibility of the witness and it was for them to determine whether any interest or bias was shown by the evidence and if so they could take into consideration such interest and bias, if any, in weighing the testimony.

Other errors are assigned upon the court's refusal to give instructions at the request of the defendant and in giving some of the instructions over his objection. It is also contended that the evidence is insufficient to support the verdict and that the court erred in some of its rulings on the admissibility of evidence. We do not, in view of the fact that the case must be reversed and sent back for a new trial, deem it proper to discuss the evidence nor is it necessary to discuss any of the questions other than as hereinbefore referred to. The judgment will be reversed.   *Reversed.*

BEARD, J., concurs.

POTTER, J., did not sit.