**Isaac Carlos DeBACA, Appellant**
**(Defendant below),**

v.

**The STATE of Wyoming, Appellee**
**(Plaintiff below).**

No. 3388.

Supreme Court of Wyoming.

Aug. 11, 1965.

Vincent A. Ross, of Ross & Buge, Cheyenne, for appellant.

John F. Raper, Atty. Gen., and Thomas E. Cahill, Asst. Atty. Gen., and John Pattno, County and Pros. Atty., Cheyenne, for appellee.

Before PARKER, C. J., and HARNSBERGER, GRAY, and McINTYRE, JJ.

Mr. Chief Justice PARKER delivered the opinion of the court.

Information was filed charging Isaac DeBaca on two counts of obtaining money and goods by false pretenses, contrary to the provisions of § 6-38, W.S.1957, by passing two checks, each for $99.75, one to Safeway Stores, Inc., and the other to Western Auto Store, on December 6, 1963. A trial by jury resulted in a conviction from which appeal has been taken.

The defendant argues that the court erred (1) in rejecting his motion for mistrial because a portion of the jury had been excused for two days and the remaining

jurors had heard "a similar case involving bad checks * * * [in which] the court directed a verdict * * * and in view of that directed verdict the jury would be unduly influenced to the effect that they would be of the opinion that if the court did not direct a verdict in this case it would imply that the court feels that the defendant is guilty"; (2) in its rulings, which permitted the prosecution to ask leading questions; (3) in refusing to direct a verdict because of insufficiency of evidence; (4) in rejecting another motion for mistrial; and (5) in delaying the admission of defendant's photograph taken at the time of his arrest. The first three of these points will be considered in the order mentioned.

### Motion for Mistrial

■ No reason or logical argument is presented by the defendant to support his contention that the court erred in denying his motion for a mistrial because of the composition of the jury. The only case cited is Murdica v. State, 22 Wyo. 196, 137 P. 574, 575, for the principle that "the selection and impaneling of the jury is a part of the trial," apparently to justify the employment of a motion for mistrial rather than some other form of objection. In any event, there was no contention at the time the motion was made, or even now, that the jury was biased or that defendant was deprived of a fair trial by reason of the court's ruling. This court is reluctant here, as always, to consider a claim of error which is unsupported by precedent or cogent argument. Stolldorf v. Stolldorf, Wyo., 384 P.2d 969; School District No. 9, in County of Fremont, v. District Boundary Board in and for Fremont County, Wyo., 351 P.2d 106.

### Leading Questions

■ Much attention is directed at the impropriety of the court's rulings concerning leading questions by the prosecution. There can be no disagreement with defendant's assertion as to the general law on this subject, it being correctly stated in 4 Jones, Evidence, p. 1686 (5 ed.): "It is not permissible on direct examination to put to a witness a question which assumes erroneously that a material fact in issue has been proved or that the witness has given certain testimony"; and the two cases of Fein v. Davis, 2 Wyo. 118, and Harris v. State, 23 Wyo. 487, 153 P. 881, both cite situations in which the leading questions were found to be improper. However, it is well settled that the control in connection with leading questions in a case is largely within the sound discretion of the court. Benham Const. Co. v. Rentz, 69 Wyo. 176, 238 P.2d 927. The trial court's action is not to be disturbed unless there has been an abuse of discretion. Without discussing each instance in which defendant's counsel objected to the prosecution's questions as leading, we find from a careful review of the record that unchallenged evidence positively established defendant as the person who had received money and goods from checks which he had passed by falsely identifying himself as Ronald Tafoya. It follows that whatever error may have been committed by the court in this regard was not prejudicial.

### Motion for Directed Verdict

■ To support the contention that the court should have sustained defendant's motion for a directed verdict at the close of the evidence on the ground of failure to prove the material allegations of the complaint, it is asserted that there was no proof of whether or not the checks were good or bad and State v. Posey, 77 Wyo. 258, 314 P.2d 833, is cited. There seems to be a misconception regarding the importance of this aspect. The Posey case is not controlling here since it dealt with the violation of the predecessor of § 6–39, W.S. 1957, which pertained to the drawing, uttering, or delivering of fraudulent checks, while the instant prosecution was under § 6–38, W.S.1957, relating to the obtaining of money or goods by false pretenses. The testimony is clear that defendant falsely represented himself to be the person to whom each of the two checks was made out. It is true that some of the defendant's

witnesses testified to matters which might have tended to cast doubt upon the identification of defendant by the prosecution's witnesses. However, this was a question which the jury was entitled to resolve. Accordingly, we are unable to accept the argument that the evidence was insufficient upon which to base the conviction.

No available precedent or cogent argument is presented upon claimed error of the court in rejecting the second motion for mistrial or the delayed admission of defendant's photograph taken at the time of his arrest, and we therefore do not consider the points. Stolldorf v. Stolldorf, supra; Mosko v. Smith, 63 Wyo. 239, 179 P.2d 781.

Affirmed.