GEORGE W. SWAIN *vs.* AGRICULTURAL INSURANCE COMPANY.

November 7, 1887.

**Insurance—Adjustment—Waiver—Authority of Agent.**—Evidence *held* sufficient to justify a jury in finding that an agent had authority from an insurance company to adjust a loss, and waive breaches of conditions in the policy.

Appeal by defendant from an order of the district court for Washington county, *Crosby,* J., presiding, refusing a new trial, after a verdict for plaintiff.

*Elbert H. Gary* and *J. N. & I. W. Castle,* for appellant.

*Searles, Ewing & Gail,* for respondent.

GILFILLAN, C. J.   Action on a policy of insurance upon a building in Stillwater, this state.   There was a clear breach on the part of the plaintiff of a condition in the policy in respect to occupancy of the building; and he did not furnish the company with proofs or statement of loss, (after the fire,) as required in the policy as a condition precedent to its liability to pay the loss; and unless he has established a waiver by it of these breaches of condition, he cannot recover.   The verdict of the jury in his favor included a finding that there was such a waiver.   The sufficiency of the evidence to justify leaving it to the jury to find on the question of waiver is the only question in the case; and that question is narrowed down to the question whether there was sufficient evidence to go to the jury upon the authority of one E. D. Kinney to bind the company by certain acts which the evidence tended to prove that he did.

As to E. D. Kinney's specific authority, the jury had a right to take the evidence most favorable to plaintiff,—that of E. D. Kinney. It appears that the defendant's general agent for the north-west was one Darrow, the office of such general agency being at 544 West Madison street, Chicago. He had also an office on La Salle street, in Chicago, for transacting local business for several insurance companies, and in this E. D. Kinney was a clerk for Darrow, but E. D. Kinney had no connection with the general agency of defendant. J. W. Kinney was the general adjuster of defendant for the north-west. No question is made that he might give E. D. Kinney authority to do, in behalf of the company, what plaintiff claims that he did. After information of the loss was received at the general agency, E. D. Kinney was about to go to Eau Claire, Wisconsin, and St. Paul and Minneapolis, and he testifies: "My brother (J. W. Kinney) was in the office there a day or so before I started, and I told him I was going to Eau Claire, and going to St. Paul and Minneapolis, and he said there was a loss at Stillwater, and wanted I should *see about it,* —see if it was a total wreck, and see what the building was, and *look it over.*" The instruction to *see about it,* and *look it over,* is rather indefinite. Was he merely to look at the ruins, or was he to investigate the circumstances of the loss, and ascertain its extent and amount, and call on the plaintiff with regard to it, and do such things as an insurance company's adjuster of losses usually does? According to the evidence on the part of plaintiff, E. D. Kinney understood the latter to be his authority, as did plaintiff and the company's local agent at Stillwater. According to that evidence, on arriving at the place, E. D. called on the local agent, went with him to the site of the burned building, took measurements of the foundation, and then called upon and had an interview with plaintiff, got him to make a written statement relating to the loss, and agreed with him upon a carpenter to furnish an estimate of the cost of the building, which was to be left with the local agent, and by him forwarded to the company, and gave plaintiff to understand that that was all the company would require, and that, the estimate being furnished, the loss would be paid. The estimate was furnished, and sent to the company as agreed on.

After considerable hesitation, we think the jury might find from the instructions to E. D. Kinney, as testified to by himself, that he was authorized to do all that he did, and this determines the case.

Order affirmed.