STATE OF MINNESOTA *vs.* ANDREW BERGMAN.

November 7, 1887.

Justice of Peace — Examination of Offender.—The provisions of Gen. St. 1878, *c.* 65, § 20, for a transfer of an action or proceeding by one justice to another, do not apply to an examination for an offence charged under chapter 106.

The defendant was arrested upon a complaint charging him with having made an assault upon one Roberts, with intent to do great bodily harm, and was brought before a justice of the peace of Goodhue county for examination. Upon the examination the defendant filed with the justice an affidavit, as provided for in Gen. St. 1878, *c.* 65, § 20, and demanded that the proceeding be transferred to another justice of the peace. The justice refused to make the transfer, held the examination, and committed the defendant. Thereupon the defendant sued out a writ of *habeas corpus* from the district court

for Goodhue county, and, upon the return thereon, an order of discharge was made by *Crosby, J.* From this order the state appeals.

*F. M. Wilson,* for the State.

*J. Bohmbach, Jr.,* for the defendant.

GILFILLAN, C. J.   Gen. St. 1878, *c.* 65, § 20, provides for a transfer by the justice, before whom an action or proceeding is pending, to another justice, "if on the return of the process, or at any time before the trial commences," a certain affidavit is made, and also that, upon such transfer, the justice to whom any such action or proceeding is transferred "may proceed to hear and determine the same, in the same manner as the justice before whom the said action or proceeding was commenced might have done."

The question in the case is, do these provisions apply to an examination by a justice of the peace, under chapter 106, of a person accused of crime?   Such an examination is, of course, a proceeding; and if there were nothing else but that word and the word "action" to indicate the cases in which a transfer can be demanded, the right would apply to such examination.  But the words, "at any time before the *trial* commences," and "proceed to *hear* and *determine* the same," show that the proceeding must be one in which there is to be a trial before the justice, and which on such trial he is to *determine*.  The word "trial," which means the judicial hearing upon the issues in a cause for the purpose of determining it, cannot properly be applied to such an examination, which is a mere preliminary inquiry to ascertain if the evidence is such that the accused ought to be put upon trial for the offence charged.  The issue being the guilt or innocence of the accused, it is not affected by the result of the examination.  If he is discharged, new proceedings may be at once commenced against him for the same offence; if he is held, that fact can have no influence on the issue of his guilt when he is put on his trial to have it determined.  The justice neither tries nor determines the issue in the proceeding.  And we are satisfied that section 20 refers only to actions or proceedings that he does try and determine. In an analogous case the supreme court of Wisconsin decided as we do.   See *Duffies* v. *State,* 7 Wis. 672.

Order reversed.