## COURT OF APPEALS.

### April 2, 1912.

## THE PEOPLE v. RALPH FRIEDMAN.

### (205 N. Y. 161.)

(1.) MURDER—GRAND JURY MAY INDICT NOTWITHSTANDING CERTIORARI TO
    REVIEW ACTION OF COMMITTING MAGISTRATE.

A grand jury has jurisdiction to indict a defendant notwithstanding
the pendency of certiorari proceedings in his behalf to review the
action of the magistrate by whom he had previously been committed
to await the action of the Supreme Court.

(2.) SAME—EVIDENCE—PREMEDITATION AND DELIBERATION.

On examination of the evidence on appeal from a judgment on a
verdict convicting defendant of murder in the first degree, held, that
there was sufficient evidence to sustain a finding that defendant per-
sonally shot and killed the person for whose murder he was on trial
with a deliberate and premeditated design to effect death; that it
also suffices to uphold the conviction even if the killing was uninten-
tional, on the ground that the homicide was committed by persons
engaged in a common attempt to commit a felony.

(3.) SAME—COMMITTED IN ATTEMPT TO ROB.

If the natural and probable consequence of a conspiracy to obtain
money feloniously and by force is the killing of a person in case of
resistance on his part, a defendant who is a party to the conspiracy
is liable for murder in the first degree, although he did not do the
actual killing, and a request which assumes that if a defendant did
not fire the fatal shot he could escape liability unless the conspiracy
expressly contemplated the use of such force or violence as might
cause death, is properly refused.

(4.) SAME—EVIDENCE—TRIAL—INCONSISTENT STATEMENTS MAY BE ESTAB-
    LISHED BY STENOGRAPHER WHO TOOK NOTES ON PREVIOUS OCCASION.

It is correct practice to call the attention of a witness on cross-
examination to the fact that she appeared to have made statements
which were inconsistent with those made upon her direct examination,
and to establish the inconsistency by the testimony of a stenographer
who took notes of what was said on the previous occasion.

APPEAL from a judgment of the Supreme Court, rendered
April 8, 1911, at a Trial Term for the county of Monroe, upon

a verdict convicting the defendant of the crime of murder in the first degree; also from orders disallowing a demurrer to the indictment, denying a motion for a new trial, denying a motion in arrest of judgment, and denying a motion to inspect the minutes of the grand jury.

The facts, so far as material, are stated in the opinion.

*George D. Forsyth,* for appellant. The court erred in overruling the defendant's motion to dismiss the indictment on the ground that it was prematurely and illegally obtained. (Rowland v. Comm., 82 Penn. St. 405; Grand Jury v. Piers, 4 Brewst. 313.) The court erred in charging the jury that they might convict the defendant of the crime of murder in the first degree if they found that the shot was fired by either of the defendants while they were engaged in committing the crime of grand larceny. (People v. Fitzgerald, 156 N. Y. 258.) The court erred in overruling the defendant's request to charge that, if the jury believe that the defendant and Kuhn did condeferate and agree together to enter the store of Schuchart and take money from it by stealth, and the scope and plan of the execution of their unlawful enterprise did not involve the use of force or violence, which might result in the taking of human life, then the defendant is not responsible for the act of Kuhn in taking human life if they find the defendant did not shoot and kill Schuchart. (Lamb v. Parker, 96 Ill. 73; Wharton on Homicide [3d ed.], § 427.) It was error to overrule the objections of the defendant as to the testimony of the witness Larzelere. (People v. More, 200 N. Y. 369; People v. Fielding, 158 N. Y. 542; People v. Cory, 157 N. Y. 332; People v. Smith, 162 N. Y. 530; Cosselmon v. Dunfee, 172 N. Y. 507; People v. Davy, 179 N. Y. 351.)

*John W. Barrett,* district attorney (*William F. Love* of counsel), for respondent. The court did not err in overruling the

defendant's motion to dismiss the indictment.   (People ex rel.
Phelps v. Westbrook, 12 Hun, 646.)   The court did not err in
overruling the objections of the defendant to the admission of
the testimony as to statements of Kuhn in defendant's presence.
(People v. Ferrara, 199 N. Y. 414; People v. Wilson, 141 N.
Y. 185; People v. Kennedy, 164 N. Y. 457.)   The error in the
admission of the testimony of the witness Larzelere was cured
by the court in striking out the same and instructing the jury
to disregard it.   (Greenfield v. People, 85 N. Y 75; People
v. Wilson, 141 N. Y. 185; People v. Hoch, 150 N. Y. 291;
People v. Barnes, 202 N. Y. 77.)

WILLARD BARTLETT, J.:

Some time in November, 1910, one Jacob Kuhn and the ap-
pellant Ralph Friedman entered into a conspiracy to obtain
money feloniously and by force, in the night time, from the
person or custody of George A. Schuchart, a grocer in the city
of Rochester.   The conspiracy was carried into effect between
half-past nine and half-past ten o'clock in the evening of Novem-
ber 15, 1910.   One of the conspirators waited in the street out-
side the store; the other entered the store to perform the more
active part of the contemplated robbery or larceny.   A struggle
ensued within between the grocer and his assailant during which
three revolver shots were fired, one of which inflicted a mortal
wound upon Mr. Schuchart.   The appellant Friedman, who
claims to have been the one who waited outside, testified that
he entered the door upon hearing the three shots and found
Kuhn and Mr. Schuchart there engaged in a personal encoun-
ter.   He states that he reached his arm over to knock the re-
volver up when a fourth shot was fired which penetrated his
left wrist.   The conspirators then fled leaving Mr. Schuchart
dying upon the floor of his grocery.   The theory of the prosecu-
tion was that the appellant Friedman shot and killed Mr. Schu-
chart in the store, accidently shooting himself through the wrist

in the struggle, while Kuhn waited outside and became liable for the murder as co-conspirator in the felonious attempt to rob or steal. In the case of People v. Kuhn, now under consideration at the same time with this appeal, the contention in behalf of the people is the same and the trial judge charged the jury therein that they could not find Kuhn guilty of actually doing the shooting although they might convict him of murder in the first degree, as they did.

I do not propose to discuss the evidence in this case further than is absolutely necessary in considering such of the exceptions as are sufficiently serious to require notice. It is enough to say that the proof is ample to sustain the verdict.

The grand jury had jurisdiction to indict the defendant notwithstanding the pendency of certiorari proceedings in his behalf to review the action of the magistrate by whom he had previously been committed to await the action of the Supreme Court. (People ex rel. Phelps v. Westbrook, 12 Hun, 646.) The objection that for this reason the indictment should be dismissed as premature is untenable.

The indictment is in the common-law form and authorized the introduction of evidence to establish the defendant's guilt of murder in the first degree, committed either with a deliberate and premeditated design to effect the death of the person killed or without a design to effect death while engaged in committing or attempting to commit a felony. (People v. Sullivan, 173 N. Y. 122. There was sufficient evidence to sustain a finding that the appellant personally shot and killed George A. Schuchart with a deliberate and premeditated design to effect death. The proof also suffices to uphold the conviction even if the killing was unintentional, on the ground that the homicide was committed by persons engaged in a common attempt to commit a felony.

At the close of the charge, counsel for the defendant asked the court to instruct the jury as follows: " If the jury believe

that the defendant Friedman and Kuhn did confederate and agree together to enter the store of Schuchart and take money from it by stealth, and that the scope and plan of execution of their unlawful enterprise did not involve the use of force or violence which might result in the taking of human life, then the defendant is not responsible for the act of Kuhn in taking human life if they find that the defendant did not shoot and kill Schuchart."

It is contended that the refusal to charge this request was error. I think not.

The learned trial judge had previously charged the jury correctly on this subject, as follows: "If they [Friedman and Kuhn] went to the store of Schuchart merely to steal his money, that would not necessarily mean that their errand was of a dangerous, homicidal character, or that it necessarily involved the use of violence which might result in the taking of human life unlawfully. But if they confederated together to commit a felony at Schuchart's store, then it is left to you to say whether or not they intended the natural and probable consequence of their act and each one would be responsible for the acts of the other in carrying out their joint enterprise."

If the natural and probable consequence of the common enterprise was the killing of Mr. Schuchart in case of resistance on his part, the defendant was liable for murder in the first degree, although he did not do the actual killing. (People v. Giro, 197 N. Y. 152, 157, 158; People v. Madas, 201 N. Y. 349, 352.) The request assumes that if the appellant did not fire the fatal shot he could escape liability unless the conspiracy expressly contemplated the use of such force or violence as might cause death. This is an erroneous view of the law. An express agreement by intending robbers not to kill in carrying out a plan of robbery would not save any of the conspirators from responsibility for a homicide by one of them in committing or attempting to commit the robbery, if such killing was the

natural and probable result of the robbery or attempt to rob in such a contingency as actually occurred in this case.

In People v. Vasquez (49 Cal. 560), the prosecution was under a statutory provision similar to ours which makes it murder in the first degree to kill another where the homicide is committed in perpetrating or attempting to perpetrate the crime of robbery. In that case the following instruction to the jury was held to be a correct statement of the law: "It is no defense to a party associated with others in, and engaged in a robbery, that he did not propose or intend to take life in its perpetration, or that he forbade his associates to kill, or that he disapproved or regretted that any person was thus slain by his associates. If the homicide in question was committed by one of his associates engaged in the robbery, in furtherance of their common purpose to rob, he is as accountable as though his own hand had intentionally given the fatal blow, and is guilty of murder in the first degree." (See, also, People v. Lawrence, 143 Cal. 148.)

I think that an error was committed, although a harmless one under all the circumstances, in receiving testimony as to declarations by Kuhn in the defendant's presence which imported that Kuhn did not do the shooting and from which it would follow that the defendant must have done it. Inasmuch, however, as the responses made by the defendant to these declarations were virtually counter charges against Kuhn and the conversation left each participant in the crime in the position of charging the other with being the principal offender, I do not see how the admission of the evidence could have done any injury. Under some conditions, however, an error of this character might be extremely prejudicial to a defendant. Ordinarily the unsworn statements of others as to the circumstances of a crime are not provable against an accused person even though they were made in his presence unless they elicited some express or tacit admission from the defendant tending to establish his

guilt. It is only for the purpose of eliciting or explaining some compromising word or act of the accused party at the time that evidence of such declarations by others is receivable at all. If this rule were more carefully observed on criminal trials the appellate courts would be relieved of a frequent cause of embarrassment. The doctrine is by no means new. Judge Haight, writing for this court in People v. Kennedy (164 N. Y. 449, 457), expressly pointed out that statements made in the presence of a party are not received as evidence in themselves but for the purpose of ascertaining the reply which the party to be affected makes to them. "They are only competent when the person affected hears and fully comprehends the effect of the words spoken and when he is at full liberty to make answer thereto, and then only under such circumstances as would justify the inference of assent or acquiescence as to the truth of the statement, by his remaining silent."

Another error, which the district attorney frankly concedes to have been such, was committed in proving by a witness named Lillian Larzelere certain statements made by Kuhn to her in the absence of the defendant. The district attorney asked the questions which elicited this evidence under the mistaken impression that counsel for the defendant had brought out part of the conversation when cross-examining the same witness. Upon ascertaining his mistake the district attorney of his own motion asked to have the objectionable testimony stricken out and the jury instructed to disregard it. The court granted the application and expressly instructed the jury to disregard the testimony of the witness as to what Kuhn had said to her in the absence of the defendant. I think that this action on the part of the court cured the error, especially as the statement in question amounted only to a denial by Kuhn that he did the actual shooting.

The only other point of importance which remains for consideration is the contention that it was error to cross-examine

Mrs. Alvira Friedman, the wife of the defendant, in reference to statements made by her to the director of detectives, and also to prove what she actually said in his presence by the stenographer who took notes of what she said on that occasion. This course was rendered entirely proper by the testimony called out by defendant's counsel upon her direct examination in her husband's behalf. It was correct practice to call her attention on cross-examination to the fact that she appeared to have made statements before the director of detectives which were inconsistent with those made upon her direct examination and to establish the inconsistency by the testimony of the stenographer.

Other points are argued in behalf of the appellant, but there is none among them which seems to require discussion. The record presents a clear case of sordid murder which the jury has dealt with correctly, and it demands an affirmance of the judgment.

CULLEN, Ch. J., HAIGHT, VANN, CHASE and COLLIN, JJ., concur; HISCOCK, J., concurs in result.

Judgment of conviction affirmed.