## ANNA BRECKENRIDGE RATCLIFFE v. JOHN JAY RATCLIFFE.[1]

January 5, 1917.

Nos. 20,039—(170).

**Divorce — temporary alimony — affidavit of prejudice.**

1. Section 7727, G. S. 1913, does not permit the defendant in a divorce suit to have the application of the plaintiff for temporary alimony and custody of the minor children pending suit transferred to another judge by filing an affidavit of prejudice against the judge before whom the application is made.

[1] Reported in 160 N. W. 778.

**No error.**

    2. No reversible error occurred in the disposition of plaintiff's application herein.

Action for divorce in the district court for Aitkin county. From an order, Stanton, J., directing defendant to pay temporary alimony of $50 per month to plaintiff and $75 for attorney's services, with provisions for the custody of the minor children, defendant appealed. Affirmed.

*Louis Hallum,* for appellant.

*E. H. Krelwitz,* for respondent.

Holt, J.

The appeal is from an order awarding plaintiff temporary alimony, suit money and the temporary custody of the minor children of the parties. There are three assignments of error. We take them up in the order assigned by appellant.

1. Appellant filed an affidavit of prejudice against the judge before whom the order to show cause why the temporary relief should not be granted was made returnable, and objected to his hearing the matter. We pass by the alleged defect in the affidavit. Section 7727, G. S. 1913, reads: "Any party to a cause pending in a district court having three or more judges, within one day after it is ascertained which judge is to preside at the trial thereof, may make and file with such judge and serve on the opposite party an affidavit stating that, on account of prejudice or bias on the part of such judge, he has good reason to believe and does believe, that he cannot have a fair trial of such cause; and thereupon such judge shall forthwith secure some other judge of the same or another district to preside at the trial, and shall continue the cause on the calendar until such judge can be present." We are of opinion that to preside at the trial of a cause, as used in the statute quoted, means that occasion in the litigation when a judge, in a jury case, is required to impanel the jury, to oversee the introduction of offered testimony, and submit the disputed issues in the pleadings to the jury, or when he, in a court case, sits as a trier of the issues presented by the pleadings. This is the generally accepted meaning of the word trial. In construing an act of Congress relating to a compulsory production "in the trial of actions at law" of books

and writings in the possession of an adversary, the court in Carpenter v. Winn, 221 U. S. 533, 31 Sup. Ct. 683, 55 L. ed. 842, says the word "trial," as used in the act, "referring to that final examination and decision of matter of law as well as fact, for which every antecedent step is a preparation." When the affidavit was filed in the instant case the issues had not been made up. It was not known when the trial was to take place or before what judge. In construing this statute, we may properly, perhaps, take note of the fact that it was enacted when there were three or more judges in only three districts and, in each of said districts, but one place of holding court. Calling in another judge to preside in such a situation would entail little inconvenience, perhaps no delay, and slight, if any, expense. Now there are two other districts having three judges, and each of these two includes many counties. The judges do not reside in the same county, and the distances between them is often great. While the law must apply to these districts so far as an affidavit of prejudice filed against the judge who is to preside at the trial of a cause is concerned, no attempt should be made to expand the word trial so as to embrace every motion, dilatory or otherwise, which may be made in a cause, and thereby make the practice unduly vexatious and expensive in districts situated as the two last referred to. The statute is at best of a discriminatory character, and should not be extended by construction. There is no good reason why a litigant in a one-judge district should have to submit his case to a prejudiced tribunal, when one in a three-judge district need not do so.

We are cited by appellant to decisions in other jurisdictions. It is clear we cannot follow the practice in California, where their prejudice statute has been held to apply to the hearing of a motion for a new trial. Keating v. Keating, 169 Cal. 754, 147 Pac. 974. The Wyoming statute, construed in Murdica v. State, 22 Wyo. 196, 137 Pac. 574, does not contain language similar to that contained in the one before us. The case of Seabrook v. First Nat. Bank (Tex. Civ. App.) 171 S. W. 247, involved disqualification of the judge by reason of affinity to one of the parties.

2. The answer was served on the day of the hearing of the order to show cause. It was not to be assumed that a reply would not be served in due time, denying the charge made in the answer that plaintiff was in-

sane, and therefore unfit to have the temporary custody of the children and incapable of maintaining suit without a guardian *ad litem.*

3. The custody of the minor children pending suit was addressed to the discretion of the trial court, and we find no abuse of discretion in the order made. The showing in behalf of plaintiff was that the children had been placed in the keeping of her mother and relatives, who were capable and willing to give them proper care, while plaintiff was receiving treatment at a hospital for a threatened nervous breakdown, alleged to be the result of the cruel and inhuman treatment to which she had been subjected by defendant.

Order affirmed.