## STATE v. HENRY UGLUM.[1]

November 30, 1928.

No. 26,981.

**Conviction for grand larceny sustained.**

1. It is *held* that the evidence sustains the conviction and that there was no variance.

**No proof of unsettled account.**

2. The evidence does not sustain any claim that there was an unsettled account.

**Return of an indictment not prevented when preliminary proceeding is pending.**

3. The pendency of a proceeding for preliminary examination in municipal or justice court does not prevent the finding of an indictment by the grand jury.

**Remarks of prosecuting attorney not objectionable.**

4. Remarks of the prosecuting attorney during the trial and in argument to the jury *held* not prejudicial and not such as to require the court to interfere or instruct in relation thereto.

Criminal Law, 16 C. J. § 2240 p. 896 n. 85.
Indictments and Informations, 31 C. J. § 27 p. 577 n. 84.
Larceny, 36 C. J. § 403 p. 859 n. 21; § 490 p. 909 n. 98.

Defendant appealed from a judgment of the district court for Hennepin county, Montgomery, J. convicting him of the crime of grand larceny. Affirmed.

*Donald G. Hughes,* for appellant.

*G. A. Youngquist,* Attorney General, *Floyd B. Olson,* County Attorney, and *William G. Compton,* Assistant County Attorney, for the state.

OLSEN, C.

Defendant appeals from a judgment in the district court of Hennepin county convicting him of the crime of grand larceny. He was

[1] Reported in 222 N. W. 280.

charged with embezzling and appropriating to his own use the sum of $4,000, the property of one Richard Winsett, placed in defendant's hands as the agent, servant and bailee of Winsett for a specific purpose.

1. Defendant contends that the evidence was not sufficient to sustain the conviction and that there was a variance between the proof and the indictment. More specifically the claim is that, while the indictment charged that the money appropriated was the property of Winsett and that defendant received and held the money as his agent and bailee, the evidence shows the money to have been the property of one Gordhamer and that defendant received and held it as his agent and bailee.

Winsett had some time before purchased a tract of real estate on contract. There was a mortgage of about $4,000 on the property which he was to pay, also a balance of over $1,200 unpaid on the contract and items of insurance, taxes and expense. The evidence on the part of the state is to the effect that Winsett desired to raise money to pay up these items by placing a new mortgage on the property in amount sufficient therefor; that he applied to one Gordhamer, his employer, for a loan of $5,500 for that purpose. Gordhamer agreed to make the loan and was to receive a first mortgage on the real estate as security. It was agreed that defendant, who was engaged in the real estate business and known to Gordhamer, should be employed to handle the matter. Winsett then went to defendant and employed him. Defendant was to handle the money; pay up the contract and obtain deed to Winsett; pay up the prior mortgage, obtain release thereof, and have the papers recorded; have insurance written on the building; and have the mortgage to Gordhamer executed. A note and mortgage for $5,500 to Gordhamer was then or shortly thereafter prepared by defendant, executed by Winsett, and later delivered by defendant to Gordhamer. The $5,500 was delivered by Gordhamer to defendant by check, whether before or after the execution of the mortgage does not appear.

Gordhamer testified that he turned the money over to defendant for Mr. Winsett. Defendant admits that he received the money

and that he appropriated over $3,800 thereof to his own use. He reported to Winsett that he had paid the $4,000 mortgage, but he did not pay any part thereof. Gordhamer testified on cross-examination that he depended on defendant to get the papers for him, if he was the man to do that; that defendant was supposed to draw the papers and take care of the deal. But he had already testified that he loaned the money to Winsett and depended upon him to take care of the matter; that he told Winsett to go ahead and arrange the matter, and was then informed by him that he had made a deal with defendant and that defendant would take care of all of it for Winsett. It is true that several months later and after Winsett and Gordhamer had discovered that defendant had misappropriated the money Gordhamer made efforts to have defendant repay the money to him and employed attorneys for that purpose; that defendant did repay to him $100 and offered to transfer to him some equity in one or more tracts of real estate in settlement. Gord. hamer testified that he refused to accept the equities offered.

What was done at that time could not settle or discharge any crime committed prior thereto. At most it could only be relevant so far as it had a bearing upon whether defendant was the agent of Gordhamer or of Winsett in the prior transaction. The questions of agency and of ownership of the money were questions of fact and properly submitted to the jury. G. S. 1923, § 10663; State v. Grimes, 50 Minn. 123, 52 N. W. 275; State v. Rue, 72 Minn. 296, 75 N. W. 235; State v. Whitman, 103 Minn. 92, 114 N. W. 363, 14 Ann. Cas. 309, may be cited. That defendant may have also been the agent of Gordhamer for some purposes would not seem important. State v. Rue, 72 Minn. 296, 75 N. W. 235.

Cases cited by appellant, to the effect that where the lender intrusts his money to another person directing him to close the loan, pay off prior liens, record the papers, perfect the abstract and examine title such person is the agent of the lender, stand on their own facts and are readily distinguished from the present case. The light thrown upon the question by the case of Donaldson v. Kenegy, 197 Iowa, 893, 196 N. W. 587, rather confirms the opinion that in

the present case it was a fact issue upon which the jury, even under the rule requiring proof beyond a reasonable doubt, might well find for the state.

We find no difficulty in holding that the evidence was sufficient to justify the jury in finding beyond a reasonable doubt that the money in question was the property of Winsett at the time it was misappropriated and that defendant held it as his agent and bailee.

2. It is further claimed that the evidence merely shows an unsettled account between defendant and whoever his principal was. That claim finds no support in the evidence here and needs no consideration.

3. At the time defendant was indicted there was pending in the municipal court a proceeding for preliminary examination against him on this same charge. After the indictment was returned, this proceeding was dismissed by the state. There is no constitutional or statutory provision in this state requiring that a preliminary examination be had before an indictment is found. In a limited sense a complaint and warrant for a preliminary examination is the commencement of a criminal prosecution, but that is a proceeding in which no trial of the charge can be had. It is merely an inquiry as to whether the defendant shall be bound over to district court to await an indictment or information. By G. S. 1923, § 10666, such preliminary proceeding is required before an information can be filed in district court, but we believe it has never been required in this state that such preliminary proceeding be had before an indictment can be returned. The practice has been that indictments may be found at any time without preliminary examination. Defendant can neither be convicted nor acquitted on a preliminary examination. If discharged, new proceedings may be commenced against him for the same offense, either by indictment or by a second preliminary proceeding. State v. Bergman, 37 Minn. 407, 34 N. W. 737. Irrespective of what may be the law in other jurisdictions, we hold that in this state the pendency of a proceeding for a preliminary examination does not prevent the finding of an indictment for the same offense.

4. Alleged. improper remarks of counsel and the refusal of the court to take any action thereon is urged as error. We have given careful attention to the language complained of. The evidence was such as to permit counsel on either side a fairly wide range in the argument, and both made use of the opportunity presented. We do not find that counsel for the state, either in the argument to the jury or in any casual remark during the trial, so far transgressed as to call for interference or instruction by the trial court or for reversal in this court.

Judgment affirmed.