WAYNE C. SMITH v. B. A. TUMAN,
JUSTICE OF THE PEACE,
VILLAGE OF NEWPORT.

114 N. W. (2d) 73.

March 9, 1962—No. 38,669.

*Johnson, Essling & Malone,* for relator.
*Peterson & Popovich,* for respondent.

MURPHY, JUSTICE.

This matter is before us on a writ of prohibition directing the justice of the peace of the village of Newport to desist and refrain from any further proceedings in a criminal action brought in his court. The issue presented involves an interpretation of removal provisions contained in Minn. St. 531.115 (L. 1959, c. 450) relating to proceedings commenced in a justice court or before a judge paid upon a fee basis.

It appears from the record before us that the relator was charged with the criminal offense of having violated § 169.121, subd. 1(a), by driving a vehicle while under the influence of alcoholic beverage. The case was brought before the respondent, justice of the peace for the village of Newport, who is not a salaried judge but is paid on a fee basis. The relator appeared on December 9, 1961, without counsel and entered a plea of not guilty to the charge. The case was continued for trial, after which relator retained counsel. His counsel prepared a written demand that the case be removed to another court having jurisdiction within the county and presided over by a salaried judge. The demand was executed by relator and his attorney and duly submitted to respondent, the justice of the peace. Thereafter on December 27, 1961, relator through his attorney made a motion before respondent requesting that the demand for change of venue to a salaried judge be honored. The matter was taken under advisement until January 4, 1962, when an order was issued denying the demand and ordering

relator to trial on January 17, 1962. The basis for the denial was that the demand for removal was not timely made.

■ The issue involves an interpretation of § 531.115, subd. 1, which provides:

"Certain criminal matters: Whenever a person is charged with a criminal offense or violation of an ordinance in which jurisdiction is in a justice court or a court in which the judge is paid upon a fee basis, the defendant may at any time before trial demand in writing that his case be removed to another court having jurisdiction within the county and presided over by a salaried judge.

"When such justice of the peace or such judge is furnished with a demand for change of venue, he shall forthwith transmit such files and proceedings to the court in the county to which transfer is requested by the defendant. Thereafter such proceedings will be had in such court to which the case has been transferred as if such proceedings had been originally commenced therein.

"If the defendant is under bail, the bail shall be continued with the same effect as if the bail had been authorized by the court to which the proceeding is transferred."

Respondent contends that it was too late for the relator to secure a removal after entering a plea of not guilty to the complaint. He contends that the provision giving a defendant a right to remove the case to another court requires that the demand in writing be made "at any time before trial." He argues that the trial commenced upon the entry of the plea of not guilty and that it was too late after arraignment to demand removal of the case.

We are of the view that the respondent misconstrues the meaning of the word "trial" as used in the statute. We do not think it can be fairly said that under the provisions of § 531.115 the entry of a plea of not guilty is anything more than a preliminary step in a procedure which frames the issues for trial. The meaning of the word "trial" is formulated by § 546.01, which provides:

"Issues, either of law or of fact, arise upon the pleadings, whenever a fact or conclusion of law is maintained by one party and controverted

by the other. A trial is the judicial examination of such issues between the parties."

Decisions of this court have interpreted the word "trial" to mean a judicial hearing for the purpose of determining the issues presented. In State v. Bergman, 37 Minn. 407, 34 N. W. 737, the defendant in a criminal action at the preliminary examination moved to have his cause transferred to another justice of the peace. The request was required to be made before the "trial" commenced. Speaking of this issue, this court said (37 Minn. 408, 34 N. W. 738):

"* * * The word 'trial,' which means the judicial hearing upon the issues in a cause for the purpose of determining it, cannot properly be applied to such an examination, which is a mere preliminary inquiry to ascertain if the evidence is such that the accused ought to be put upon trial for the offence charged. The issue being the guilt or innocence of the accused, it is not affected by the result of the examination."

An earlier civil case is Curtis v. Moore, 3 Minn. 7 (29), where one party moved to transfer the action to another justice court after the pleadings were filed and corrected. The applicable statute provided that the application for transfer be made before trial commenced. The court held the application for transfer timely and in defining the word "trial" said (3 Minn. 12 [35]):

"* * * We are satisfied that the trial referred to is a trial of the merits of the cause or proceeding (as the case may be) pending before the justice, and not the determining of some preliminary motion in the cause."[1]

We are, accordingly, of the view that under the provisions of § 531.115 a trial does not commence with arraignment and plea of not guilty. The arraignment and plea frame the issues. The trial is the judicial examination of such issues for the purpose of determination. We further conclude that the demand for removal by the defendant was timely made.

---

[1]See, also, Ratcliffe v. Ratcliffe, 135 Minn. 307, 160 N. W. 778; In re Trust Created by Will of Enger, 225 Minn. 229, 30 N. W. (2d) 694.

■ Moreover, it should be kept in mind that § 531.115 was enacted following the amendment of Minn. Const. art. 6, § 1, adopted November 6, 1956. As a result of that amendment the justice of the peace is no longer a constitutional officer. The legislature is now—subject to the provisions of art. 6, schedule (a)—free to abolish the office and to substitute any system of inferior court as it deems suitable.[2] It should further be kept in mind that by Minn. St. 530.16 and 530.17 the legislature has provided for the elimination of the office of justice of the peace in municipalities where municipal courts exist or are established. These statutes reflect respected opinion to the effect that the trial of an action before a layman whose judicial work is a sideline activity is not consonant with the modern view of the sound administration of justice.[3] The legislature has recognized by these enactments the desirability of permitting a party to have his cause heard before a salaried judge who is presumably better qualified to administer justice in accordance with established principles of law. That right should not be lost through a restrictive interpretation of the statute.

■ The respondent argues, however, that the relator has sought the wrong remedy. He argues that prohibition will not lie to restrain a justice court from proceeding with a case in which it has erroneously denied a petition for removal where there is an adequate remedy by appeal from the judgment. The authorities which support this view are

---

[2] Schedule (a) provides: "All justices of the peace shall continue in office each for the remainder of his term which remains unexpired at the time this Article takes effect."

[3] We think that Professor Maynard E. Pirsig in *The Proposed Amendment of the Judiciary Article of the Minnesota Constitution*, 40 Minn. L. Rev. 815, 828, correctly appraised the view of the community in his statement as follows: "The notion of a layman, ignorant of the law, deciding the legal rights of parties in civil litigation and of defendants in criminal cases is wholly irreconcilable with the fundamental tenet of our government that justice shall be administered in accordance with established principles of law and not at the whim, or caprice or personal notions of justice held by some individual exercising the power of the state. The fact that the amount in litigation is small or that the crimes charged are minor ones does not in a democratic society alter the application of this fundamental philosophy."

predicated upon the notion that the appeal procedure provides a speedy and adequate remedy.[4] We are inclined to the view, however, that the issuance of the writ may be justified where it will avoid the possibility of a waste of time, money, and effort required of all parties by a procedure which might involve two trials and possibly two appeals in order to adjudicate the issue. We think the issue before us is analogous to that presented in State ex rel. Olson v. Schultz, 200 Minn. 363, 274 N. W. 401, where we held that the writ of prohibition is properly used to restrain a judge from hearing a matter in which he is disqualified to sit by reason of the filing of an affidavit of prejudice.

The requisites of a writ of prohibition are expressed by our court in State v. Hartman, 261 Minn. 314, 323, 112 N. W. (2d) 340, 346:

"To establish that he is entitled to the issuance of a writ of prohibition, relator must show: (1) That the court, officer, or person is about to exercise judicial or quasi-judicial power; (2) that the exercise of such power is unauthorized by law; and (3) that it will result in injury for which there is no other adequate remedy. We have repeatedly held that these three elements are essential and that if the relator fails to establish any one of them the writ must be denied. Marine v. Whipple, 259 Minn. 18, 104 N. W. (2d) 657.

"In State ex rel. United Electric Radio & Machine Workers v. Enersen, 230 Minn. 427, 438, 42 N. W. (2d) 25, 31, we said:

" '* * * A writ of prohibition is an extraordinary writ issued out of this court for the purpose of keeping inferior courts or tribunals or other officials invested with judicial or quasi-judicial authority from going beyond their jurisdiction.' "

Here we have an officer of an inferior court about to act in excess of his authority. Conceding that that court originally had jurisdiction over the subject matter of the action and of the relator, we are of the view

---

[4]42 Am. Jur., Prohibition, § 21; Note, 2 L.R.A. (N.S.) 395; Annotation, L. R. A. 1917F, 911; Note, Ann. Cas. 1913D, 593, 596; Annotation, 141 A. L. R. 1262. From the foregoing annotation it appears that courts have gone both ways on this particular issue and that saving of some time and expense may not be enough to warrant granting the writ. See, also, 73 C. J. S., Prohibition, § 15.

that that jurisdiction terminated by the timely demand in writing for removal to another court having jurisdiction within the county and presided over by a salaried judge. The justice of the peace having been divested of jurisdiction, prohibition is the appropriate remedy to prevent him from continuing to act in the matter. 42 Am. Jur., Prohibition, §§ 6, 25.

The writ is made absolute.