### STATE v. GERALD COLLINS.

125 N. W. (2d) 587.

December 20, 1963—No. 39,145.

*Joseph Robbie,* for appellant.

*George M. Scott,* County Attorney, and *Gerard W. Snell,* Assistant County Attorney, for respondent.

PER CURIAM.

After a preliminary hearing before the municipal court of Minneapolis, defendant, by order, was bound over to the district court upon a complaint charging him with first-degree robbery. He filed an appeal to this court from that order. The state moves to dismiss the appeal upon the ground that the bind-over order is nonappealable and that the defendant, by entering a plea of not guilty upon arraignment before the district court, submitted to the jurisdiction thereof and waived any objections to the validity of the bind-over order.

By the express language of Minn. St. 632.01, this court has no jurisdiction to entertain an appeal in criminal cases from other than a final judgment or an order denying a motion for a new trial. State v. Putzier, 183 Minn. 423, 236 N. W. 765; State v. Atanosoff, 138 Minn. 321, 164 N. W. 1011; State v. Noonan, 24 Minn. 174. Defendant's appeal, therefore, must be dismissed.

Defendant is not foreclosed from attacking the sufficiency of the evidence to support the bind over and may do so in district court either by habeas corpus proceedings[1] or by motion. If so advised, defendant should

---

[1] State ex rel. Hastings v. Bailey, 263 Minn. 261, 116 N. W. (2d) 548; State ex rel. Jeffrey v. Tessmer, 211 Minn. 55, 300 N. W. 7.

assert any claim of irregularity in the municipal court proceeding at the time of his arraignment in district court, preferably before any plea and certainly before a trial on the merits in order to avoid any claim that he has waived his objections. State ex rel. Welper v. Rigg, 254 Minn. 10, 93 N. W. (2d) 198.

Appeal dismissed.