STATE v. GERALD COLLINS.

132 N. W. (2d) 802.

December 24, 1964—Nos. 39,516, 39,517, 39,555.

*Joseph Robbie,* for appellant.

*Walter F. Mondale,* Attorney General, *George M. Scott,* County Attorney, and *Gerard W. Snell,* Assistant County Attorney, for respondent.

PER CURIAM.

Defendant is presently confined in the State Prison at Stillwater pending an appeal from an order denying his motion for a new trial made after he was convicted of the crime of aggravated robbery which occurred on December 8, 1963. The appeal in that case (No. 39691) is not affected by the disposition of the matter now before us.

Although defendant has been charged with being a participant in a supermarket robbery which occurred March 1, 1963, there has been no trial for this offense. In State v. Collins, 267 Minn. 550, 125 N. W. (2d) 587, defendant's appeal from a bind-over order made at the conclusion of his preliminary hearing was dismissed as nonappealable. He then moved in the district court for an order suppressing certain evidence obtained as the product of a search of an automobile, owned by his mother but in his possession with her permission when he was taken into custody near the scene of the March 1 robbery. In addition, he twice petitioned the District Court of Hennepin County for habeas corpus, once on the theory that but for the seized evidence the state has no basis for involving him in the supermarket robbery and again on the theory that an indictment returned after appeals were taken to this court was a nullity. This latter theory also motivated a motion to quash the indictment.

From the printed record it appears that there are three appeals pending in this court. One is from an order denying a motion to suppress

evidence (No. 39516). Another is from an order denying a motion to dismiss and discharging a writ of habeas corpus (No. 39517). The third is from an order denying a motion to dismiss and quash an indictment and discharging a writ of habeas corpus (No. 39555). We construe a motion filed by the state on July 29, 1964, as being for dismissal of all three of the appeals or, in the alternative, for dismissal of such of the appeals as do not involve habeas corpus and a disposition of the orders discharging the writs. Defendant, in responding to this motion, gives similar interpretation to the position of the state.

1. Except for the orders discharging the writs of habeas corpus, the orders from which appeals have been taken are nonappealable. See, Minn. St. 632.01 and cases cited in State v. Collins, *supra.*

2. The orders of the district court discharging defendant's application for a writ of habeas corpus are appealable. Minn. St. 589.29. We are able to dispose of these matters without the necessity of oral argument.

2a. The record before the district court in connection with the habeas corpus proceedings includes testimony taken from officers of the Minneapolis Police Department in proceedings before the municipal court in the city of Minneapolis conducted on and after March 21, 1963, from which the following facts appear:

At about 11:15 a. m., on March 1, 1963, defendant Collins, accompanied by one Gittelson, was halted at Lyndale Avenue near 24th Street by Officers Clifford Revak and Jerry Torrey of the Minneapolis Police Department, who had been notified of the robbery by police radio. The officers stopped the two men in part because their appearance, and that of the Chevrolet automobile in which they were riding, conformed to a limited degree to the broadcast description of the suspects; in part because the place where and the time when they were observed was proximate to the place and time of the robbery; and in part because of the manner in which they reacted to the appearance of the police car before being stopped.

Preliminary interrogation of the suspects produced answers which were evasive and inconsistent. The two were taken to the nearby supermarket where the robbery had occurred and Gittelson was positively identified by the store manager as being one of the robbers. The record is vague as to whether any identification was made of Collins at this time, but we assume that positive identification was not secured. In any event, both Collins and Gittelson were then taken to police headquarters where they were booked at about 12:15 p.m.

At the place where the Chevrolet was stopped, Collins claimed that he had no key for the trunk. The Chevrolet vehicle remained at Lyndale Avenue and 24th Street until approximately 1 p.m., at which time the

trunk was opened by a Minneapolis police officer using a key made at his request by a locksmith. At the time the trunk was opened Collins was incarcerated. He did not affirmatively consent to the search of the trunk, although the police officers were seeking to gain entry to it from about the time that the car was first stopped until access was secured about 2 hours later.

The Chevrolet automobile in question was owned by Mrs. Judith Collins, the mother of the defendant. She authorized the Minneapolis Police Department to open the trunk, but the record is not clear as to whether the authorization was given just before or just after entry was obtained. In either event, it is clear that the authorization had not been communicated to the particular police officer who opened the trunk before he did so.

The evidence located in the trunk consisted of the loot which had been taken from the supermarket at the time of the robbery and a weapon.

Under the circumstances, Collins is not being deprived of any constitutional right by being required to stand trial. We, therefore, affirm the orders of the district court discharging the writs of habeas corpus. For recent Minnesota cases involving evidence secured as the result of a search of an automobile, see State v. Harris, 265 Minn. 260, 121 N. W. (2d) 327, decided April 19, 1963, and State ex rel. Branchaud v. Hedman, 269 Minn. 375, 130 N. W. (2d) 628, decided September 25, 1964. Preston v. United States, 376 U. S. 364, 84 S. Ct. 881, 11 L. ed. (2d) 777, is not controlling because there the owner of the vehicle did not consent to entry of the trunk and because here the attempt to search, temporarily delayed only because of the difficulty of getting a key, was coincident with the arrest.

Our affirmance of the orders of the district court discharging the petitions for habeas corpus, in so far as based on the claim of illegal search and seizure, is without prejudice to any claims which may be made by the defendant when and if the disputed evidence is offered against him at trial and is without any attempt to forecast what the ultimate determination of the problem will be should the matter eventually come to this court on an appeal taken pursuant to § 632.01.

2b. Defendant also has asserted that his present confinement is without justification because he was indicted by the Hennepin County grand jury while an appeal was pending in this court. In our judgment this claim is not well founded.[1]

---

[1]See, People v. Friedman, 205 N. Y. 161, 98 N. E. 471, 45 L. R. A. (N.S.) 55; State v. Uglum, 175 Minn. 607, 222 N. W. 280. Compare State v. Barnes, 249 Minn. 301, 81 N. W. (2d) 864, and Euziere v. United States (10 Cir.) 266 F. (2d) 88.

3. The appeals in the proceedings based on the March 1, 1963, robbery are dismissed. The orders of the district court discharging the writs of habeas corpus are affirmed. The case is remanded to the District Court of Hennepin County for further proceedings.

Appeals dismissed and orders discharging writs of habeas corpus affirmed.