IN RE JEROME DALY.

171 N. W. (2d) 818.

September 5, 1969—No. 42174.

*Faegre & Benson, Peter Kitchak,* and *Gordon G. Busdicker,* for relator.

*Jerome Daly,* pro se, for respondent.

PER CURIAM.

On July 11, 1969, Mr. Justice C. Donald Peterson, acting for the Minnesota Supreme Court, directed Martin V. Mahoney, justice of the peace of Credit River Township, Scott County, Minnesota, and Jerome Daly, counsel for plaintiff in an action brought by one Leo Zurn against one Roger D. Derrick and the Northwestern National Bank of Minneapolis, to show cause why they should not be permanently restrained from further proceedings in the justice court. In addition, Justice Peterson ordered a stay of all further proceedings before the justice of the peace pending final determination of the questions raised by Northwestern National Bank's petition for writ of prohibition.

Although the stay order of Justice Peterson was served on the justice of the peace and Mr. Daly on July 11, 1969, they intentionally and deliberately disregarded it in this way: On July 14, 1969, the justice of the peace, upon motion of Mr. Daly, entered findings of fact, conclusions of law, and an order for judgment in favor of Zurn. In response to our order of August 12, 1969, directing the justice of the peace and

Mr. Daly to show cause why they should not be held in constructive contempt of the Supreme Court of Minnesota for this conduct, Mr. Daly appeared personally in his own behalf before this court on August 21. He advised the court that he had been authorized to represent the justice of the peace in the proceedings. After noting that he was making a special appearance, Mr. Daly, an attorney at law admitted to practice in this state, acknowledged that both he and the justice of the peace intentionally violated the order of Justice Peterson because in their opinion neither this court nor Justice Peterson had jurisdiction to issue it.

Although the death of the justice of the peace on August 22, 1969, has rendered the proceedings as against him moot, it is our judgment that the conduct of Jerome Daly was contumacious. It is the order of this court that he be temporarily suspended from the practice of law in the courts of this state effective October 1, 1969.

We reserve jurisdiction of this matter to permit further proceedings, the object of which will be to determine whether this contumacious conduct of Jerome Daly is or is not an isolated instance of impropriety. Final determination of the disciplinary measures to be invoked will be made after such hearing has been conducted. Reasonable notice of any charges of misconduct and a full opportunity to be heard shall be afforded in these contemplated hearings.

The rationale of our determination is as follows:

(1) The Supreme Court of the State of Minnesota by the terms of our Constitution has power to issue writs of prohibition restraining a court of limited jurisdiction from exceeding its power. Minn. Const. art. 6, § 2, provides that the Supreme Court "shall have original jurisdiction in such remedial cases as may be prescribed by law." By the terms of Minn. St. 480.04, the legislature has provided:

"The court shall have power to issue to all courts of inferior jurisdiction and to all corporations and individuals, writs of error, certiorari, mandamus, prohibition, quo warranto and all other writs and processes, whether especially provided for by statute or not, that are necessary to the execution of the laws and the furtherance of justice. It shall be always open for the issuance and return of such writs and processes and for the hearing and determination of all matters involved therein and for the entry in its minutes of such orders as may from time to time be necessary to carry out the power and authority conferred upon it by law, subject to such regulations as it may prescribe. Any justice of the court, either in vacation or in term, may order the writ or process to issue and prescribe as to its service and return."

(2) In Minnesota, the justice of the peace court is a court of inferior jurisdiction.[1] Since the constitutional amendment of the judicial article in 1956 justice of the peace courts exist in this state only to the extent permitted by the legislature. Minn. Const. art. 6, §§ 1, 8, and Schedule. The legislature has fixed narrow limits to the jurisdiction which may be exercised by justices of the peace in this state. (Minn. St. 530.01, 530.05, 530.06, 531.03, 531.04, 532.37.) Acts in excess thereof by such justices of the peace are a nullity and subject to control by a writ of prohibition. Smith v. Tuman, 262 Minn. 149, 114 N. W. (2d) 73.

(3) The power to prohibit an improper exercise of jurisdiction embraces the power to issue ex parte an order designed to maintain the status quo pending a hearing upon an application for a writ of prohibition. See, Minn. St. 480.04. In the case of In re Lord, 255 Minn. 370, 378, 97 N. W. (2d) 287, 292, under similar circumstances, we stated that—

"* * * this court had full authority to issue a preliminary order to show cause why such peremptory writ should not issue, and, in order to maintain the status quo until both sides of the controversy could be heard, to issue a restraining order to prevent any further action from being taken, either affirmatively or by inaction such as we have here."

See, also, 21 C. J. S., Courts, § 88, p. 136, and cases cited in note 13.

(4) The order executed by Justice Peterson, acting in the name of this court, was a proper exercise of the court's authority. Any justice of the supreme court, either in vacation or in term, may execute orders in behalf of the court pursuant to § 480.04. See, 48 C. J. S., Judges, § 48, and particularly cases cited in note 94; 30A Am. Jur., Judges, § 35.

We find no essential requirement that such orders be issued by or through the office of the clerk of this court. To impose such a requirement would unnecessarily curtail the capacity of this court to respond in emergency situations. It would be unreasonable to make the performance of a clerical act a necessary condition to the exercise of judicial authority which must be asserted promptly to be effective. The signature of a justice of this court is adequate assurance of the authenticity of any order to which such signature is affixed.

Although the verification of statements of fact submitted to this court in ex parte matters is to be preferred, there is no jurisdictional requirement that a petition for temporary relief or for a writ of prohibition be verified. See, Dean v. First Nat. Bank, 217 Ore. 340, 341 P. (2d) 512; 73 C. J. S., Prohibition, § 26. In the matter before us it was evident

---

[1] For a definition of the term "inferior courts" see 21 C. J. S., Courts, § 7, p. 21.

from an examination of the summons and complaint in the proceedings sought to be restrained that Justice of the Peace Mahoney was undertaking to act in a matter with respect to which he had no jurisdiction. The representation of an attorney at law authorized to practice before this court that a copy of this summons and complaint attached to the petition seeking the writ of prohibition was a true and correct copy of the process served on his client formed in itself an adequate factual basis for the issuance of the temporary order directed to Justice of the Peace Mahoney and Jerome Daly.

(5) The refusal of the justice of the peace to respect the July 11 order of this court was not justified. The justice of the peace would be bound to obey our intermediary order regardless of whether the actions restrained by our order were in excess of his jurisdiction. In re Lord, *supra.* Apart from this principle, it is clear that the proceedings restrained were beyond the limits of the jurisdiction of the justice of the peace in a number of respects, including these:

(a) The summons, being returnable at 7 p. m. rather than between the hours of 9 a. m. and 5 p. m. as specified by Minn. St. 531.03, was a nullity.

(b) The summons did not contain a statement of the amount claimed by plaintiff as required by § 531.03.

(c) Contrary to the provisions of § 531.04, the summons was personally served upon Northwestern National Bank of Minneapolis in the city of Minneapolis, a city having a population in excess of 200,000.

(d) This service was performed outside of the county of issuance, Scott County, in violation of the provision of § 531.04 that such service must satisfy the requirements of Minn. St. 532.29. One of the requirements of Minn. St. 532.29 is a continuance of proceedings for a period not exceeding 20 days, and no such continuance was provided in this case.

(e) The amount in controversy exceeded the $100 jurisdictional limitation of the justice of the peace courts under § 530.05.

(f) The relief sought, a declaratory judgment, was not within the granted powers of a justice of the peace. See, § 530.05. It has been the law ever since the 1861 case of Fowler v. Atkinson, 6 Minn. 350 (503), that a justice of the peace has no jurisdiction over equitable proceedings. See, Smith v. Tuman, *supra.*

(6) We are satisfied from the record that the justice of the peace acted upon the advice and at the instance of attorney Jerome Daly. Mr. Mahoney was not admitted to practice as a lawyer. An attorney who

intentionally and deliberately advises and encourages a justice of the peace or any other person to disregard an order of the Minnesota Supreme Court is guilty of contempt. See, Minn. St. 588.01, subd. 3(1, 2, 3, 7); In re Lord, *supra;* State v. Leftwich, 41 Minn. 42, 42 N. W. 598; In re Green, 172 Ohio St. 269, 175 N. E. (2d) 59. The fact that such advice is prompted by fanciful notions that justice of the peace courts have a constitutional status giving them immunity from the jurisdiction of the supreme court of this state cannot excuse or justify this conduct. This is especially the case in the present situation where the jurisdiction of this court to prohibit acts beyond the jurisdiction of a justice of the peace was clearly delineated by our decision in Smith v. Tuman, *supra,* published in 1962. See, also, State ex rel. Meister v. Stanway, 174 Minn. 608, 219 N. W. 452.

(7) The supreme court has inherent power to discipline an attorney guilty of contempt. In re Contempt of Cary, 165 Minn. 203, 206 N. W. 402. In exercising this authority no attempt is made to impose the sanctions of the criminal law. A principal purpose of the exercise of disciplinary authority is to assure respect for the orders of this court by attorneys, who, as much as judges, are responsible for the orderly administration of justice in this state. In disciplinary proceedings the formal requisites of criminal procedure, including the right to a jury trial, have no application. In re Disbarment of Williams, 221 Minn. 554, 23 N. W. (2d) 4; In re Application for Discipline of Rerat, 232 Minn. 1, 44 N. W. (2d) 273; In re Application for Discipline of Joyce, 242 Minn. 427, 65 N. W. (2d) 581, certiorari denied sub nom. Joyce v. Dell, 348 U. S. 883, 75 S. Ct. 124, 99 L. ed. 694; In re Discipline of Tracy, 197 Minn. 35, 266 N. W. 88, 267 N. W. 142.

### DISPOSITION

Jerome Daly is adjudged to be guilty of contempt of this court. We are not prepared to determine with finality at this time the appropriate form of discipline to be prescribed. Final resolution of the matter must depend on whether the acts of this attorney are a part of a persistent and continuing effort to defy the authority of the courts and in part on whether there is any disposition to amend the contumacious behavior demonstrated.

The Rules of the Supreme Court for Discipline and Reinstatement of Attorneys, adopted November 14, 1961 (260 Minn. x), which prescribe the procedure to be followed in cases where unproved complaints involving alleged unprofessional conduct are leveled against an attorney, was not intended to apply to situations where an attorney has been found in contempt of this court and an inquiry is needed to aid

us in determining the kind of discipline to be imposed. To meet the problem posed by this case, we herewith refer further proceedings in this matter to the Honorable E. R. Selnes, Judge of the District Court of the State of Minnesota, who will act as a referee of the Minnesota Supreme Court in order to consider such evidence as may be presented to him bearing on the fitness and competence of Jerome Daly to serve as a practicing attorney in the courts of this state. The State Board of Law Examiners (see, In re Disbarment of McDonald, 204 Minn. 61, 282 N. W. 677, 284 N. W. 888) is hereby assigned the duty and responsibility of conducting a thorough investigation of the fitness and competency of Jerome Daly to continue as a member of the bar of this state. So far as applicable, proceedings shall be in conformity with the rules of this court promulgated November 14, 1961. Due notice of such charges of unfitness and incompetence as may be warranted by the evidence secured, together with due and proper notice of the time and place of such hearings as may be held with respect to such charges as may be filed, shall be afforded the said Jerome Daly. The Practice of Law Committee of the Minnesota State Bar Association is authorized to intervene and become a party to these proceedings if it so elects. Upon the evidence presented and received, together with such evidence as may be presented by the said Jerome Daly in his own behalf, the Honorable E. R. Selnes in his capacity as a referee of this court shall make findings of fact and conclusions and recommendations for disposition of this matter as shall be justified by the evidence. Such determination shall be conclusive subject to the right of any party aggrieved to secure a review of the referee's determination in the manner outlined in said rules of November 14, 1961.

Because of the deliberate and aggravated nature of the contumacious conduct on the part of the said Jerome Daly and his failure or refusal to present any reasonable justification for his effort to frustrate the processes of the Minnesota Supreme Court, his privilege to practice law in the courts of this state is suspended effective October 1, 1969; provided, however, that this court will consider such application as the said Jerome Daly may make prior to October 1, 1969, for such limited exceptions to this order of temporary suspension as may be proved necessary in order to protect the interests of clients now represented by the said Jerome Daly and involved in litigation pending in the courts of this state.

This matter is herewith referred to the Honorable E. R. Selnes, designated as referee herein, for further proceedings consistent with this opinion, which proceedings shall be entitled "In re Jerome Daly."