**STATE of Minnesota, Appellant,**

v.

**Marlys Elaine CHAMBERLAIN, Respondent.**

**No. C5–85–627.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Roger J. Fellows, Wurst, Pearson, Hamilton, Larson & Underwood, Minneapolis, for appellant.

Perry L. Williams, Columbia Heights, for respondent.

Heard, considered and decided by FOLEY, P.J., and FORSBERG and NIERENGARTEN, JJ.

## OPINION

FORSBERG, Judge.

This is an appeal by the State from an order dismissing a gross misdemeanor complaint for failure to timely file a complaint, barring further prosecution. We affirm.

## FACTS

Chamberlain was stopped on December 15, 1984, and arrested for DWI, a gross misdemeanor in her case since she had a prior conviction within 5 years. Minn.Stat. § 169.121, subd. 3(a) (1984). She was booked and released and given a court appearance date of January 3, 1985.

Chamberlain appeared on that date but there was no complaint. The prosecutor stated he had not received a police report, Chamberlain moved to dismiss, and the charge was dismissed by the court. The prosecutor, however, asked for seven days in which to file a complaint, and the request was granted without objection.

A complaint was drafted, dated January 16, 1985, but not filed until January 25. The summons noticed an appearance on February 11. On that date, Chamberlain appeared and moved to dismiss for failure to issue a complaint within the seven days requested earlier. The motion was denied but set on for further proceedings.

After hearing the court later ruled that the complaint was untimely, pursuant to Minn.R.Crim.P. 17.06, subd. 4(3), and the prosecutor's stated request for seven days. The court also ordered that further prosecution was barred.

## ISSUES

1. Did the trial court err in dismissing the complaint?

2. Does the dismissal bar further prosecution?

## ANALYSIS

### I.

Minn.R.Crim.P. 17.06, subd. 4(3) provides that a dismissal for failure to file a timely complaint "as required by Rule 4.02, subd. 5(3)" shall not bar further prosecution, and that the prosecuting attorney has seven days to move for a stay in order to file a new complaint. The rule, however, goes on to state:

If the prosecution does not make the motion [for a new or amended complaint] within the seven-day period or if the indictment or complaint is not amended or if a new indictment or complaint is not filed within the time specified by the order, *the defendant shall be discharged and further prosecution for the same offense shall be barred unless the prosecution has appealed as provided by law* * * * *. (Emphasis added)

■ The State contends that this rule is not applicable to gross misdemeanor prosecutions because the rule referenced as to the requirement of a timely complaint refers only to misdemeanors. *See* Rule 4.02, subd. 5(3). The State argues that Rule 4.02, subd. 5(2), which provides only for a discharge of the defendant, is applicable instead. A discharge does not bar further prosecution. *State v. Uglum*, 175 Minn. 607, 610, 222 N.W. 280, 281 (1928).

We do not agree, in part because Rule 17.06 refers to murder as an offense which is an exception to the bar of further prosecution. Rule 17.06, subd. 4(3). If the rule referred only to misdemeanors, this exception would be unnecessary. The supreme court has indicated this rule is applicable to felony prosecutions. *State v. Viergutz*, 288 N.W.2d 693, 697 (Minn.1980) (unspecified felony prosecution). In addition, the rule cited by the State, when read as a whole, refers only to a complaint which is not properly approved or which lacks probable cause, not to the lack of any complaint. Rule 4.02, subd. 5(2).

■ The trial court properly dismissed the gross misdemeanor charges based on Rule 17.06, subd. 4(3). As the supreme court reiterated that rule in *State v. Viergutz:*

If the prosecutor does not file [the complaint] within the 7-day period or the period of the continuance, if one was granted, then the prosecution is barred unless one of the exceptions mentioned in the comments applies * * * *.

288 N.W.2d at 697. Although there was no explicit continuance here, there was an acceptance by the court of the prosecutor's

motion for an additional 7 days. This deadline was not met.

### II.

Rule 17.06, subd. 4(3) provides for a bar of further prosecution after dismissal for failure to timely cure the initial lack of a valid complaint "unless the prosecution has appealed as provided by law." An order of dismissal is not appealable unless it bars renewed prosecution of the offense. *City of St. Paul v. Halvorson,* 301 Minn. 48, 53, 221 N.W.2d 535, 538 (1974).

We believe the logical construction of the appeal exception to the bar of further prosecution is that the bar is lifted only in the event the prosecution prevails on the appeal of the dismissal.

### DECISION

The trial court properly dismissed the complaint for untimely filing. Further prosecution is barred by Rule 17.06, subd. 4(3).

Affirmed.